# BROWER ET AL. *v.* LOCKE, BY NEXT FRIEND.

[No. 3,994. Filed June 26, 1903.]

NEGLIGENCE.—*Violation of Statute.*—*Master and Servant.*—The assignment of a young and inexperienced person to cleaning machinery while in motion, in violation of §7087i Burns 1901, is negligence *per se. pp. 357, 358.*

SAME.—*Cleaning Machinery While in Motion.*—*Children.*—Defendants are not relieved from liability for negligence, under §7087i Burns 1901, prohibiting the employment of persons under sixteen years of age to clean machinery while in motion, because of the fact that the

part of the machine on which plaintiff was ordered to work was not in motion, where the parts of the machine designed to move were in motion.   *p. 358.*

MASTER AND SERVANT. —*Negligence.* —*Violation of Statute.*—The employer can not put upon the employe the risks that arise from the employer's violation of a statute.   *p. 359.*

SAME.—*Defects.*—*Assumption of Risks.*—A verdict for plaintiff for injuries received while operating defective machinery will not be reversed on the ground that plaintiff assumed the risk, where it does not appear that the defects and consequent danger were obvious, since plaintiff was not required to look for defects that might possibly exist.   *pp. 359, 360.*

From the Superior Court of Marion County; *J. M. Leathers*, Judge.

Action by Harry Locke, by his next friend, against Abram G. Brower and others.   From a judgment for plaintiff, defendants appeal.   *Affirmed.*

*W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller*, for appellants.

*J. B. Kealing* and *M. M. Hugg*, for appellee.

COMSTOCK, P. J.—Action by appellee against appellants for damages for personal injuries received by appellee while in the employ of appellants.   The complaint is in three paragraphs.

The material allegations of the first paragraph are: That the plaintiff was, on the 12th day of July, 1900, the date of his alleged injury, an infant under the age of sixteen years, to wit, fourteen years of age; that the defendants on said date were, and for a long time prior thereto had been, the owners of and engaged in operating a mill, in the city of Indianapolis, for the manufacture of cotton products, and in which they operated a large number of carding machines; that on each of said machines were two cylinders revolving with great force and speed, and around said cylinders were set and arranged a large number of wire teeth, composed of iron or steel, being set and arranged as a brush, and bent at an angle; that said machines had a guard or cover over and in front of said cylin-

Brower *v.* Locke.

ders, which was fastened and held in place by a catch to the side and towards the top of said machines, and were so arranged upon hinges that said guard or cover could be let down, leaving said cylinder exposed; that when any of said machines were run with said guard or cover down, it was highly dangerous to operate; that in carding said cotton the dust, dirt, and extraneous matter in said cotton would accumulate on said guards or covers, and other parts of said machines, requiring them to be frequently cleaned; that on the afternoon of July 9, 1900, plaintiff was employed by the defendants to work in their said mill, and was by their agents placed to work upon a number of said carding machines, and a part of his duties as such employe was to clean said machines; that plaintiff was of ordinary intelligence and education for one of his years, but inexperienced in the use and operation of machinery of all kinds, and had no experience in running or operating carding machines or in working about them; that plaintiff was carelessly and negligently instructed by the agents of defendants, who had charge of said machines upon which he was directed to work, to clean said machines, and the guards or covers upon the same, while said machines were in operation, and to do such cleaning with waste cotton and other material furnished him for the purpose; that because of plaintiff's tender age and inexperience he was not capable of understanding or comprehending the danger attending the operation of said machines; that on said 12th day of July, 1900, while plaintiff, pursuant to his instructions as aforesaid, was cleaning one of said carding machines upon which he was directed to work, and while the same was in motion, the guard or cover to which, in some manner unknown to plaintiff, had, without any fault, carelessness, or negligence on his part, become unfastened and open, leaving the cylinders in said machines exposed, his right hand was caught by the wire teeth around the same, and his right hand and arm were drawn into said machine, so injuring his arm as to re-

quire amputation at the shoulder, and otherwise injuring him to his damage in the sum of $10,000.

The second paragraph, after alleging appellee's age, the operation of carding machines, and his employment by appellants, avers that appellee was inexperienced in the use and operation of machinery of all kinds, and had no experience in running or operating carding machines or working about the same; that appellee was carelessly and negligently instructed by the agents of appellants, who had charge of said machines, to clean said machines upon and about which he was directed to work, and the guards or covers upon the same, while said machinery was in full operation and motion, and to do so with waste cotton or other material furnished him for that purpose; that he was not in any way instructed as to said guard or cover, or the danger attending the use of said machines, with the cylinders exposed; that because of appellee's tender age and inexperience he was not capable of comprehending the danger attending the operation of said machines; that while performing his duties as such employe of appellants, in cleaning one of appellant's carding machines while in motion, pursuant to his directions and instructions, he was injured, by reason of the guard or cover upon said machine becoming unfastened and dropping, in some manner unknown to appellee, without any fault or negligence on his part, leaving the cylinders exposed, by having his right hand and arm caught by the wire teeth around said cylinders, and so injuring him that it was necessary to amputate his arm.

The third paragraph sets out substantially the same facts as the second, and further alleges that he was put to work upon one of appellants' carding machines, upon which the catch, which should have held the guard or cover over the cylinders securely in place, was defective, and did not properly and securely catch and hold said guard or cover in place so as to guard and cover said cylinders; that it

was not a part of appellee's duty to repair or inspect said machine or said catch; that he had no notice or knowledge of the defective condition of said catch and machine; that appellee relied upon appellants furnishing him with a safe and suitable machine to perform his duties; and that because of this defective catch he was injured.

The cause was put at issue by a general denial. A trial was had by jury, and a verdict returned for $5,000, with answers to interrogatories.

The errors relied upon for reversal are that the court erred in overruling appellants' motion for judgment in their favor on the interrogatories and answers thereto returned by the jury, notwithstanding the general verdict, and in overruling appellants' motion for a new trial.

Conceding that the general verdict controls unless the special findings are irreconcilable therewith, appellants contend that such findings show that appellants were not guilty of negligence. One hundred and fifteen interrogatories were submitted to and answered by the jury. By them it was found that appellee's injury was not due to accident; that he was injured while cleaning the door or guard of a machine in motion, which he had been directed to clean while it was running; that he had not been instructed as to the danger of cleaning the door or guard while the machinery was running; that he was too young and inexperienced to appreciate the danger of the machinery upon which he was put to work; that appellee was, at the date of the accident, under the age of sixteen years, viz., fourteen years and one month. Section 7087i Burns 1901, provides that no person under the age of sixteen years shall be allowed to clean machinery while in motion. The failure to do an act commanded, or the doing of an act prohibited, is negligence per se. Thompson, Negligence (2d ed.), §10. The violation of the statute, the assignment of a young and inexperienced person to work upon machinery, without instruction as to the dangers attending such work, justified the

jury in finding the appellants guilty of negligence. The burden of proving contributory negligence was on appellants. The special findings do not show that appellee was negligent.

It is argued that the evidence shows that appellee was not cleaning machinery of any kind at the time he was hurt. Appellants operated in their mill seventy carding machines, a general description of which is given in the complaint. When these machines were run with the guard cover over the cylinder, down, they were dangerous to operate. The door or cover rests on three hinges, is six inches wide and forty inches long, weighs six or eight pounds, and conforms to the convex surface of the large cylinder. The position of the door makes it necessary to raise the catch and pull the door back on its hinges about one and one-half inches before it will fall down. It is claimed by the plaintiff that in some manner unknown to him the door came open when he was about to wipe it off, and his hand was caught by the wire covering on the cylinder, and carried in between the cylinder and plate to which the door or cover was attached by the hinges. The part upon which appellee was at work was not in motion, and appellants claim that appellee was not cleaning machinery when in motion. By the Century and by the Standard Dictionaries, machinery is defined as parts of a machine considered collectively; any construction of mechanical means designed to work together so as to effect a given end.

When appellants were operating the machinery, lint and dust were flying through the air. The covers were an important, if not an essential, part of each machine. A machine is in motion when performing the function for which it is designed. All of the various parts may not change position, some are intended to be and remain stationary, but because they are not intended to move they are none the less a part of it. The working-parts of the carding

machine—the parts designed to move—were in motion when appellee received his injury.

The purpose of the legislature in the enactment of the statute was the protection of the young and, presumably, inexperienced, by keeping them out of danger they were otherwise likely to encounter. We do not believe that the legislature intended to forbid the cleaning, by infants, of only revolving cylinders, pulleys, wheels, planes, or saws. The case at bar demonstrates the reasonableness, in view of the object of the law, of giving the statute a construction which does not limit its application to the cleaning of machinery that is itself a warning of danger, and which is rarely, if ever, attempted to be cleaned by an ordinarily prudent person when it is in motion.

The points stated by appellants in support of the motion for a new trial may be summarized as follows: A boy above fourteen years of age, of average intelligence, is presumed to be *sui juris* with respect to protecting himself from obvious danger. An infant assumes known risks, or those that might be known by the exercise of reasonable care, and the risk of pure accident, just as an adult. Instructions are unimportant when the facts causing the injury were learned, or might have been learned from any source, prior to the accident, by reasonable attention. A verdict can not be sustained against an employer when there is no evidence as to what brought about the existing condition, or how long it existed.

Appellee had no instruction nor knowledge of the condition making the situation dangerous. The jury found that the injury was not due to pure accident. The employer can not put upon the employe the risks that arise from his (the employer's) violation of a statute. *Davis Coal Co. v. Polland,* 158 Ind. 607, 620.

The jury have the right to draw reasonable inferences from the facts proved. There was evidence that the catch

holding the door was defective, that the least touch would cause the door to fall down and that this condition existed about one month before the accident. They found that by proper instructions appellee would have discovered that the door was not properly adjusted, and the defective condition of the latch. It does not appear that the defects and the consequent danger were obvious to appellee, and he was not required to look for defects that might possibly exist.

The answers to interrogatories, and the evidence, show a violation of the statute by appellant. The proximate result of that violation, in the condition of the machine, was the injury of the appellee, to which it is not shown that he contributed, and the risk of which he did not assume.

Judgment affirmed.