American Car & Foundry Co. v. Armentraut.

## American Car & Foundry Company v. Koss Armentraut, by next friend.

1. EMPLOYMENT OF CHILD UNDER FOURTEEN—*claim of negligence based upon.* Where the injury of a child under fourteen years of age proximately results from his employment in violation of a prohibitory statute, a recovery may be had.

2. EMPLOYMENT OF CHILD UNDER FOURTEEN—*what will not excuse.* The statements of such a child as to his age are immaterial and will not excuse the results flowing from the violation of the statute prohibiting the employment of such a child.

3. CONTRIBUTORY NEGLIGENCE—*when, no defense.* The contributory negligence of a child under fourteen years of age is no defense to an action brought by such child for an injury resulting by reason of his employment in violation of the statute.

Action on the case for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

WISE & McNULTY and R. A. HOLLAND, Jr., for appellant.

WEBB & WEBB and BURTON & WHEELER, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellee, a minor under the age of fourteen years, was employed by appellant, a manufacturing corporation, to operate a machine called a drill press, used in threading taps, and while so engaged a set screw on the revolving

spindle or bit-holder caught his sleeve, twisted his right arm and broke it. This occurred within an hour and a half from the time he began work under the direction of appellant's superintendent.

The declaration contains one count, in which it is alleged that the defendant owned and operated a manufacturing establishment and was engaged in a gainful occupation, and that on the ninth day of March, 1903, the plaintiff was employed by the defendant to work in its car and foundry shops for wages, and while so at work, under the command and instruction of defendant's foreman, and while operating a certain machine in and about the performance of his duty, he was injured. It is further averred " that plaintiff was then under the age of fourteen years, and that his employment by the defendant was wrongful and negligent, and was the proximate cause of his injury, and that his injury was the direct result of such wrongful and negligent employment," etc. To this declaration defendant filed a plea of not guilty. A trial by jury resulted in a verdict and judgment in favor of the plaintiff for the sum of $1,800, from which the defendant appealed. At the close of plaintiff's evidence and again at the close of all the evidence defendant moved the court to instruct for defendant. The court denied the motion and refused the instruction. A motion for new trial and in arrest of judgment were each in turn denied, and exceptions preserved.

The action is trespass on the case, based upon negligence of the defendant, to be presumed from the employment of the plaintiff, a minor under fourteen years of age, contrary to section 20, chapter 48, Hurd's Rev. Stat. 1903, relating to child labor. So far as applicable, the statute reads: "That no child under the age of fourteen years shall be employed, permitted or suffered to work at any gainful occupation in any   *   *   *   manufacturing establishment *   *   *   within this state." By another section a violation of this provision is deemed a misdemeanor and the offender subjected to punishment by fine or imprisonment, or both. Any act in violation of law from which injury

American Car & Foundry Co. v. Armentraut.

results to another is a breach of duty and by the courts termed negligence, for which a civil action for damages will lie.   The illegal act being proved, negligence will be presumed.   Whether the injury was caused by the negligence charged is, in all cases, a question of fact for the jury.   In this case the employment of the plaintiff by the defendant was prohibited by express provision of the statute, and the defendant may be held to whatever damages resulted as a consequence of such employment.   The violation was a breach of duty which the defendant owes the plaintiff and all others within the protection of the law.   In the light of authority there can be little controversy on this proposition.   Was the illegal act of defendant the natural, proximate cause of the injury suffered?   Applying the usual tests in defining proximate cause, would the accident have happened, could the injury have resulted, could it reasonably have been anticipated and guarded against, was injury of this kind fairly and reasonably to be expected as a consequence of defendant's act?   The salutary purpose of the statute was to shield and protect children from dangers to which in childish lack of discretion they were likely to be exposed.   The language of the statute is significant of this purpose, for it not only forbids employment of a child under fourteen years, but under it the child shall not be "permitted or suffered to work for wages" in the proscribed occupation.   Unlike actions based upon violation of ordinances regulating the speed of trains, wherein it is often difficult to determine the proximate cause, that is, to connect the injury with the *excessive* and prohibited speed of the train, here there is no occasion for speculative discrimination in tracing the cause to effect.   In the cases referred to, the act of running the train is lawful; it is only the running at a prohibited rate of speed that constitutes the offense; and to recover for injury caused by a moving train, it must appear that the excessive, unlawful speed was the cause of the injury.   In this case the act complained of was prohibited altogether.   The employment of the plaintiff, and all that he was permitted to do until the

moment of injury, was in violation of law and an act of negligence. Under the evidence there was no sufficient intervening cause upon which to predicate serious argument. Furthermore, as we view this record, it will not be necessary to consider the doctrine of contributory negligence so ably argued by counsel. The plaintiff was a mere child, without experience, and in no event could he be held to greater care than may reasonably be exacted from one of his years under the circumstances proved. Wrongfully put to work at a dangerous machine, without instructions or caution as to the particular danger to which he was exposed, and from which injury was likely to result, the defendant may not be heard to contend that his negligence or lack of due care contributed to the injury. The want of an allegation that the plaintiff was in the exercise of due care, if such allegation were material, can be reached only by demurrer, and such defect may be cured, as in this case, by the verdict. Evidence of the boy's statements as to his age and of the rules of the company and instructions to the superintendent in the employment of boys was wholly immaterial and properly excluded. As held under the Dramshop Act, in criminal prosecution for sale of liquor to minors, so here, the defendant was bound to know that plaintiff was within the prohibited age of employment.

The plaintiff's given instruction being correct as a bare proposition of law applicable to the case on trial, was rightly given and it would have been error in the court to refuse it. Without discussion of points raised by appellant in support of errors in the refusal of instructions, it will be sufficient to say that under the evidence in the case, the verdict is so manifestly just, in whatever view of the law, that the errors complained of may not be regarded as prejudicial. The judgment will therefore be affirmed.

*Affirmed.*