### Casperson v. Michaels, By, et al.

(Decided February 17, 1911.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Children—Employment in Violation of Statute—Certificate.—Subsection 11, section 331a, Kentucky Statutes, providing that no child under sixteen years of age shall be employed at sewing belts, &c., absolutely prohibits the employment therein designated, and the certificate provided for in the other sub-sections will not authorize the employment of any child under sixteen years of age in any of the capacities enumerated in said sub-section.

2.  Purpose of Statute.—The purpose of the statute was to protect children not only from the dangers necessarily incident to their employment, but from injuries that might result from their own carelessness and childish acts. In other words the purpose of the statute was to prevent their being exposed to danger.

3.  Liability of Employer.—Plaintiff in violation of the statute was employed to work at a mangle in a laundry. She was standing by the mangle waiting for the signal to commence work. She placed her hand near the driver at the rear of the mangle, and her hand was caught and injured. Held, that it is immaterial that she was not actually engaged at work at the time, or that she placed her hand on a part of the mangle where she was not required to work. As the statute was designed to prevent such an accident, her employment in violation of the statute was the proximate cause of the injury.

O'NEAL & O'NEAL and EDWARDS, OGDEN & PEAK for appellant.

GEORGE WEISSINGER SMITH for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellee, Margaret Michaels, suing by her next friend, brought this action against appellant, Louis C. Casperson, to recover damages for personal injuries alleged to have been due to the negligence of appellant. The jury returned a verdict in her favor for $1,500. From the judgment based thereon this appeal is prosecuted.

Appellant, at the time appellee was injured, operated a laundry plant on Portland avenue in the city of Louisville. Among the machines he had in his plant was a large mangle which was used for the purpose of laundering sheets, table cloths, etc. The distance from the front to the rear of the mangle was about five feet; its width was about seven feet, and its height about four and one-half feet. The goods were fed into the front part by girls, and were passed through the machine and out at the rear. They then fell upon a table where there were other girls who received and folded them. The front part of the machine was provided with guards. The rear part was open, and there is some evidence that this was necessary for the proper operation of the machine.

Appellee, Margaret Michaels was fourteen years and five months old at the time she was injured. She had two sisters who worked in the laundry. Appellant needed additional help, and spoke to one of Margaret's sisters on

the subject. The next morning the two sisters brought Margaret to the laundry, and she was immediately put to work at the mangle. Her duty was to feed the cloths into the mangle. She began work about five days before the accident, which occurred on March 18th, 1909. On that day she arrived at the laundry a few minutes before seven o'clock. Upon reaching the laundry she went immediately to the dressing room. Her sisters remained in the dressing room while she went out to the mangle and stood near by, waiting for the signal to begin her morning's work. The mangle was started at fifteen minutes to seven in order to heat it and have it ready for work at seven o'clock. Appellee describes the accident in the following language:

"I was standing there, my hands were cold, but I wasn't shivering though, and I put my fingers up there to get them warm and some one spoke to me and I turned around and my fingers went on in there and Sadie Sprinkle happened to be coming out of the door or standing in the door and she kept pulling on my arm to keep it from going in any further and my sister—a girl went in and told the other girls that some girl had her hand in the mangle and they all came out there."

She further testifies that she had seen a boy with his hands where she had put hers, and she thought she could put her hand up there to get it warm. She did not put her hand on the roller, but merely tapped her fingers on it. In doing this she did not know there was any danger, although she knew the roller was warm and would burn. Her hand was drawn between the revolving cylinder and the top guard, and was severely injured.

In the year 1908 the Legislature passed an act, entitled "An act to regulate child labor and to make the provisions thereof effective." This act was approved March 18th, 1908, and is set forth in chapter 18 of the Kentucky Statutes. The provisions material to this controversy are contained in the various subsections of section 331a. Subsection 1 provides that no child under fourteen years of age shall be employed, permitted or suffered to work in or in connection with any factory, work-shop, mine, mercantile establishment, etc. Subsection 2 permits the employment of children between fourteen and sixteen years of age in the event a certificate of employment is obtained, and prescribes when and under what circumstances a certificate may be issued and who shall issue the certificate.

Subsection 11 provides: "No child under the age of sixteen years shall be employed at sewing belts, or to assist in sewing belts, in any capacity whatever, nor shall any child adjust any belt to any machinery; * * * nor shall they operate or assist in operating laundry machinery. * * *"

The trial court submitted the case to the jury on the theory that appellant had violated the provisions of subsection 11 in employing appellee to work at the mangle, and refused to permit appellant to introduce in evidence a certificate authorizing appellee's employment.

One of the questions raised on this appeal is the alleged error of the court in failing to permit the certificate of employment to be introduced in evidence. A careful reading of the section of the statutes, however, convinces us that the certificate of employment referred to in the other subsections of section 331a, has no application to cases arising under subsection 11. It is evident that the Legislature regarded the employments referred to in this subsection as being so dangerous that it was best to prohibit entirely children under sixteen years of age from being employed at such occupations. To that end it was provided that no child under the age of sixteen years should be employed in any capacity enumerated in that subsection. That being true, the court did not err in refusing to permit the certificate of employment to be read to the jury.

It is earnestly insisted, however, that appellee was not injured by virtue of her employment in violation of the statute. In this connection it is argued that appellant had the right to employ appellee in the laundry, just so she was not put to work at any of the machinery therein used; that as she was injured at a part of the machinery where she was not employed to work, and at a time when she was not actually engaged in work, the case is just the same as if she had been employed to mark towels, an employment attended by no danger, and had gone into the machinery room and been injured in the same manner; that if that be true, her right to recover does not depend upon the statute and her case should be considered from a standpoint entirely independent of the statute; and when so considered, her own evidence shows that the danger of placing her hand on or near the drum was so obvious and apparent that even a child of much tenderer years ought to have known and appreciated the

danger. While we appreciate fully the force of appellant's contention, we think the difference between the supposed case and that at bar consists in this: In the supposed case there would be no violation of the statute, and, therefore, no right of action could be predicated on the statute; in the case at bar, however, appellee was employed and put to work at the mangle in violation of the statute. She was actually injured by the mangle at which she had been put to work. It is immaterial that she was injured by that part of the mangle at which she was not expected to work, or that she was injured while not being actually engaged in her customary duties. The purpose of the statute was to protect children, not only from the danger necessarily incident to their employment in and around machinery of certain kinds, but from injuries which might result from their own thoughtlessness and childish acts. In other words, the purpose of the statute was to prevent their being exposed to danger. Here appellee was on hand, waiting to be summoned to work. She was near the mangle at which she was employed to work. Yielding to her childish instincts she followed the example of a boy who had put his hand near the cylinder for the purpose of warming it, and attempted to do the same thing. It is evident that the statute was designed to protect her under just such circumstances. Knowing that a child under sixteen years of age might be injured while actually employed at work on dangerous machinery, or that he might, in a spirit of play or because of heedlessness that is characteristic of children, touch or come in contact with the machinery in some way, the Legislature made it unlawful to employ children under sixteen years of age to work at such machinery. As appellee was, by virtue of her employment, exposed to the danger which resulted in the injuries complained of, we conclude that the proximate cause of her injuries was her employment at the mangle in violation of the statute. That being true, the court did not err in refusing to instruct the jury if the case were one where no violation of the statute had taken place. (Stafford v. Republic Iron, &c., Co., 238 Ill., 371; Ornamental Iron Co. v. Green, 108 Tenn., 161; Starnes v. Albion Mfg. Co., 147 N. C., 556, 17 L. R. A., 602.)

The court did not err in stating to the jury that appellee, at the time of her injury, was employed by appellant to work in his laundry, and that such employment

was forbidden by law, and that the law of the case was for the plaintiff and that the jury should so find, etc. To have been technically correct, the instruction should have stated that plaintiff was employed by the defendant to work at a mangle in his laundry and that such employment was forbidden by law. The failure of the court, however, to specify the mangle did not prejudice appellant's substantial rights, for it was proper to instruct the jury that appellee's employment was contrary to the law; and as a matter of fact, her employment at the mangle was contrary to law. That being true, the latter statement of the instruction was correct, although the previous part of the instruction referred only to the fact that plaintiff was employed by defendant to work in his laundry.

Finding no error in the record prejudicial to the substantial rights of the appellant, the judgment is affirmed.