## TULSA COTTON OIL CO. v. RATLEY.

### No. 7457—Opinion Filed May 23, 1916.
### (157 Pac. 1056.)

**1. Master and Servant—Injuries to Servant —Relation of Parties—Infant Employees.**

The employer of children in the work provided by section 3728, Rev. Laws, 1910, must ascertain at his peril that the persons he employs are members of the class of persons he may lawfully employ.

**2. Same.**

Neither the appearance of an infant nor misrepresentations as to his age will relieve the employer from the operation of the statute, but the employment of a child in violation of the statute is evidence of negligence in an action by the child to recover for personal injuries inflicted upon him while at work in the place named in said statute.

**3. Same—Actions—Instructions.**

In this case the court refused to instruct the jury that if the defendant, in the exercise of proper vigilance and due caution, was led to believe that the plaintiff was above the statutory age, could not be charged with negligence in employing him and likewise refused to instruct the jury that if his parents falsely stated his age at the time of his employment, the defendant was not guilty of negligence in hiring him. Held, no error.

(Syllabus by Hooker, C.)

Error from Superior Court, Tulsa County; M. A. Breckenridge, Judge.

Action by Clarence Ratley against the Tulsa Cotton Oil Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Rogers & Fulghum, for plaintiff in error.

T. L. Wallace and Luther James, for defendant in error.

Opinion by HOOKER, C. Clarence Ratley sued in the superior court of Tulsa county the Tulsa Cotton Oil Company to recover damages for the injury alleged to have been caused by the negligence of the defendant.

It is alleged: That the plaintiff on the day said suit was filed was an infant. 15 years of age, and that one Lena V. Rounds was his mother and instituted this suit as his next friend. That on the 10th of November, 1913, the said Clarence Ratley was working for said company under a contract of employment, having been at the time of his injury an inexperienced child only 15 years of age. That when he was employed and when he was injured he was working upon a shift from 7 o'clock in the evening until 7 o'clock the next morning, and was therefore required to work 12 hours during the night, and that he had so worked on the night of the 9th day of November, 1913. That it was his duty, under his employment with the company, among other things, to take care of the cleaning room and to put a certain belt on if the same should happen to slip off in the course of said work, and to keep in operation the pulley upon which said belt moved.

It is further alleged that the company was negligent in employing said Ratley, for in so doing, it is claimed, said company violated section 3729 of Rev. Laws 1910, which is as follows:

"No child under the age of 16 years shall be employed or permitted to work at any of the following occupations: Oiling or assisting in oiling, operating, wiping or cleaning any dangerous machine or adjusting any belt to any such machine while in motion. * * *"

It is further charged that the company was negligent in employing said Ratley and working him as aforesaid because in so doing it violated section 3732 of Rev. Laws 1910, which is as follows:

"No child under the age of 16 years shall be employed or permitted to work in any gainful occupation, except agriculture or domestic service, more than eight hours in any one day, allowing one hour each day for noonday meal and rest, or more than forty-eight hours in any one week. During the time that a child is at work at such occupation, the employer must provide suitable seats and permit their use so far as the nature of the work alows."

And it is further charged that the company was negligent in permitting said Ratley, in violation of section 3733, Rev. Laws 1910, which is as follows:

"No boy under the age of sixteen years and no girl under the age of eighteen shall be employed or permitted to work in any of the occupations mentioned in section 3728 between the hours of 6 o'clock p. m. and 7 o'clock a. m."

—to work at said plant between the hours of 6 o'clock p. m. and 7 o'clock a. m., and it was further claimed in said petition that certain pulleys upon which a belt operated were in an improper position and were defec-

tively fastened, and that said plaintiff, while acting under the orders of the defendant's superintendent in attempting to make the same operate, received the injuries for which he sought to recover. in said cause.

The answer of the defendant denied the charge of the plaintiff, and further alleged that at the time that said plaintiff was employed his mother informed the company that he was 16 years of age, and that, believing the same to be true, it had employed said plaintiff, and that it was in possession of no fact or circumstance to induce it to believe that the plaintiff was not 16 years of age. The answer further denied negligence upon the part of the company, and pleaded contributory negligence upon the part of the plaintiff. To this answer a reply was filed, and said cause came on for trial, and the jury, after hearing the evidence and the instructions of the court, returned a verdict in favor of the plaintiff and against the company for the sum of $900.

To reverse this judgment the defendant below has appealed to this court and has presented this proposition: That the court committed error prejudicial to the interests and rights of the company by refusing to give to the jury the following instructions, to wit:

Instruction No. 2:

"Gentlemen of the jury, you are instructed by the court that if the defendant in the exercise of the proper vigilance an ddue caution was led to believe that the plaintiff was above the statutory age, it cannot be charged with negligence in employing plaintiff."

Instruction No. 3:

"Gentlemen of the jury, you are instructed that if you believe from the evidence in this case that the mother of the plaintiff falsely stated the age of plaintiff to the officers of the defendant and led them to believe that he was sixteen years of age, or over, at the time he was employed and if they were justified in that belief, then they were not guilty of negligence in hiring him, and the jury must dismiss that provision of the child labor law from further consideration."

If the company was misled by the appearance of Clarence Ratley or by the statements of his mother as to his age, would that be a defense to this cause of action? Could the company assign this fact as a justification for the violation of the plain mandatory provisions of our statute pertaining to child labor? It is unnecessary to detail the history of these provisions of the statute above cited or to give the reason for the same being enacted a law in the State of Oklahoma. Suffice it to say that the statutes are plain and mandatory and must be complied with in this

jurisdiction or the one violating the same must suffer the consequences.

This question has been before the courts of many jurisdictions, and while some of the states hold that the appearance of the infant and misrepresentations as to his age by parents constitute vigilance upon the part of the employer which will relieve the employer from the operation of the statute, yet, to our mind. the better rule is the one expressed in a majority of the states to the effect that vigilance upon the part of the employer is not sufficient, and that the statutes prohibiting the act from being done must be complied with strictly, and if violated the same constitutes negligence upon the part of the employer.

This question was before the Supreme Court of Washington in the case of Glucina v. F. H. Goss Brick Co., 63 Wash. 401, 115 Pac. 843, 42 L. R. A. (N. S.) 624, and it was held:

"Laws of 1909, c. 249, sec. 195, making every person who shall employ and every parent who shall permit the employment of any child under 14 years old in any factory. guilty of a misdemeanor, makes an employer of a child under 14 years old guilty of violating the act, though the father represented that the child was 16 years old, and. though the child indicated that he was over the age of 14, and the employer when sued by the child for injuries received may not rely on his good faith in employing the child nor on the child's contributory negligence and assumption of risk."

The doctrine announced in this case is supported by the cases of. Kirkham v. Wheeler-Osgood Co., 39 Wash. 415, 81 Pac. 869, 4 Ann. Cas. 532; State v. Constantine. 43 Wash. 102. 86 Pac. 384, 117 Am. St. Rep. 1043; State v. McCormick, 56 Wash. 469, 105 Pac. 1037.

Likewise the Supreme Court of Illinois. in American Car & Foundry Co. v. Armentraut, 214 Ill. 509, 73 N. E. 766, held that the employer must ascertain, at its peril, that the persons it employs are members of the class of persons it may lawfully employ. To the same effect is Inland Steel Co. v. Yedinak, 172 Ind. 423, 87 N. E. 229, 139 Am. St. Rep. 389.

The Supreme Court of Pennsylvania, in Lenahan v. Pittston Coal Mining Co., 218 Pa. 311, 67 Atl. 642, 12 L. R. A. (N. S.) 461, 120 Am. St. Rep. 885, said:

"After full consideration we are unanimously of the opinion that the Legislature, under its police power, could fix an age limit below which boys should not be employed, and, when the age limit was so fixed, an employer who violates the act by engaging a

boy under the statutory age does so at his own risk, and, if the boy is injured while engaged in the performance of the prohibited duties for which he was employed, his employer will be liable in damages for injuries thus sustained. This rule is founded on the principle that when the Legislature definitely established an age limit under which children should not be employed as it had the power to do, the intention was to declare that a child so employed did not have the mature judgment, experience, and discretion necessary to engage in that dangerous kind of work. A boy employed in violation of the statute is not chargeable with contributory negligence or with having assumed the risks of employment in such occupation."

See, also, Green v. Western American Co., 30 Wash. 87, 70 Pac. 310; Hall v. West & Slade Mill Co., 39 Wash. 447, 81 Pac. 915, 4 Ann. Cas. 587.

We are satisfied, therefore, that the court did not err in sustaining the plaintiff's demurrer to the affirmative answer, or in giving the instructions which were given, or refusing the instructions mentioned above which were requested by the appellant.

The Supreme Court of Indiana, in the case of Inland Steel Co. v. Yedinak, 172 Ind. 423, 87 N. E. 229, 139 Am. St. Rep. 389, said:

"One employing a child must ascertain at his peril, whether the child is of the age required by statute prohibiting the employment of children under 14 years old in any manufacturing establishment, and, if a child within that age was injured because of his unlawful employment, the master is liable, though the child or its parents misrepresented its age."

And it is further held:

"The violation of a statutory mandate or prohibition by a master constitutes negligence per se."

The Illinois Supreme Court, in the case of American Car & Foundry Co. v. Armentraut, 214 Ill. 509, 73 N. E. 766, held:

"In an action for injuries to a child set to work at a dangerous machine, in violation of statute prohibiting the employment in manufacturing establishments of children under the age of 14 years, it is no defense to the employer that the child's own negligence contributed to his injuries, where such injuries were caused in the performance of the work which he was directed to do. Under the statute prohibiting the employment in a manufacturing establishment of children under the age of 14 years, the employer must ascertain at its peril that its employees are over the age of 14 years, and it cannot defend an action for injuries to a child, employed in violation of the statute, either on the ground that it did not know of the nonage of the child, or on the ground that the child obtained employment by falsely representing himself as above the required age."

The Supreme Court of Illinois, in the case of Beauchamp v. Sturges Mfg. Co., 250 Ill. 303, 95 N. E. 204, held:

"A violation by an employer of Act May 15, 1903, prohibiting the employment of children under a specified age, gives a child under age a cause of action for injuries received while at work under his employment. A child under the age fixed (by said act) prohibiting the employment of children under a specified age, is not estopped from recovering for a personal injury received while at work merely because he misrepresented his age at the time he was employed."

The Supreme Court of North Carolina, in the case of Rolin v. Reynolds Tobacco Co., 141 N. C. 300, 53 S. E. 891, 7 L. R. A. (N. S.) 335, 8 Ann. Cas. 638, held:

"The employment of a child in a factory in violation of the provisions of the statute is evidence of negligence in an action by the child to recover for personal injuries inflicted by a machine in the factory."

"Employment of a child in violation of statute is negligence which will sustain an action by the child for personal injuries: The violation of a statute forbidding the employment of children under a certain age, or their employment at certain kinds of work or without complying with certain conditions, is held by the weight of authority to be negligence as matter of law, in an action by the child for injuries received during the course of the employment. American Car & Foundry Co. v. Armentraut, 214 Ill. 509, 73 N. E. 766, affirming 116 Ill. App. 121; Morris v. Stanfield, 81 Ill. App. 264; Nickey v. Steuder, 164 Ind. 189, 73 N. E. 117; Brower v. Locke, 31 Ind. App. 353, 67 N. E. 1015; Woolf v. Nauman Co., 128 Iowa, 261, 103 N. W. 785; Queen v. Dayton Coal & I. Co., 95 Tenn. 458, 32 S. W. 460, 30 L. R. A. 82, 49 Am. St. Rep. 935; Sterling v. Union Carbide Co., 142 Mich. 284, 105 N. W. 755; Cooke v. Lalance Grosjean Mfg. Co., 33 Hun (N. Y.) 351; Hickey v. Taaffe, 32 Hun (N. Y.) 7.

"In Perry v. Tozer, 90 Minn. 431, 97 N. W. 137, 101 Am. St. Rep. 416, however, it was held that the employment in a sawmill of a boy under the age of 16 without procuring from the school authorities a certificate permitting his employment, as required by statute, together with an injury occurring while he was engaged in his work about certain machinery because of the failure to guard the machine, made out a prima facie case of negligence against the employer, in an action by the boy for injuries thus received; so that if plaintiff had rested upon this proof, and no evidence had been introduced to contradict it, he would have been entitled to recover, though this prima facie showing might be rebutted by evidence that the machine which caused plaintiff's injury was properly guarded, or that plaintiff himself contributed to the accident. The court said that the violation of the statute, followed by injury from causes necesssarily incident to

the employment and business of the employer, shifted the burden of proof which would otherwise rest upon the plaintiff. It was contended here that it was the operation of the machinery, and at most the improper protection of the same, that was the proximate cause of the injury, and not the violation of the statute; but the court said that authorities of the highest respectability hold that the violation of a statute prohibiting the employment of a child in a hazardous occupation, where such employment is prohibited by law, establishes a right to recover for negligence; that in such case liability is to be presumed from the employment in disobedience of law; also that even the imposition of a penalty by the statute did not oust the remedy by suit for negligence."

Numerous other cases could be cited in support of the doctrine that vigilance and good faith do not constitute a defense on the part of the employer to an action of this character. but the same are unnecessary, and we must hold in this state that the employment of a child under the age of 16, in a factory or manufacturing plant to do the work for which the defendant in this case was employed, in violation of the provisions of the statute, is evidence of negligence in suit by the child to recover for injuries inflicted by a machine in the factory, and that it is no defense upon the part of the employer that it attempted to ascertain the true age of the child and was misled by the representations of the child or its parents. but it must know that the party whom it employs is not within the prohibited class provided by the law of the state.

We are therefore of the opinion that the trial court did not commit any error in refusing to give the requested instructions offerred by the plaintiff in error, and, there being no other error complained of in the record, this case is affirmed.

By the Court: It is so ordered.