
**STILLWATER MILLING COMPANY,**
a corporation, Plaintiff in Error,

v.

**John W. MOREHOUSE, Defendant in Error.**

No. 39786.

Supreme Court of Oklahoma.

Jan. 8, 1963.

Rehearing Denied May 28, 1963.

Swank & Swank and Fred J. McDonald, Stillwater, for plaintiff in error.

P. D. Erwin, Chandler, for defendant in error.

JOHNSON, Justice.

The defendant in error, hereafter referred to as plaintiff, commenced this action in the District Court of Lincoln County, Oklahoma, to recover from the plaintiff in error, hereafter referred to as defendant, damages for personal injury growing out of a truck-car collision. From a verdict in favor of plaintiff, defendant appeals.

The principal ground urged by defendant for reversal is that the trial court erred in not holding that the one question and answer objected to was prejudicial to the

rights of the defendant and should have been held to be ground for mistrial.

The driver of defendant's truck had testified, and upon cross-examination the following took place:

"Q. Did you enter a plea of guilty in Justice Court of Meeker on the charge of passing on a charge arising out of this collision?

"A. I did not.

"(COUNSEL APPROACH THE BENCH, and out of hearing of the jury the following was had:)

"MR. CHILTON SWANK: Comes now the defendant and moves the court to declare a mistrial for the question asked by Mr. Erwin of this agent of the defendant in regard to his entering a plea of guilty on a charge filed when in Prague, Oklahoma, for the reason that the same is highly prejudicial and done for the purpose of prejudicing this jury against the defendants.

"THE COURT: Overruled.

"MR. SWANK: Exceptions."

This is the sole reference to this incident in the entire record.

The plaintiff in his answer brief states as his second proposition the following: "That it is proper on cross-examination to inquire whether the witness has made any previous contradictory statements including a plea of guilty on a charge arising out of the collision in question."

No authority is cited supporting this proposition, however, authorities are cited for the general proposition that as affecting defendant's credibility as a witness he may be interrogated as to prior conviction of crime.

■ It is apparent from the record and briefs herein that no criminal charge arising out of this collision had been filed against anyone, and, of course, no conviction or plea of guilty. In case of any such charge the court record thereof would have been open to inspection of the plaintiff herein, and it seems clear that the quoted question was not a proper question on cross-examination under the circumstances of this case. However, there is no other reference to this incident in the entire record, and it does not necessarily follow that the case should be reversed.

■ In a long line of cases, this court has said:

"In order for misconduct of counsel in propounding certain questions to a witness to effect a reversal of the judgment, it must appear that substantial prejudice resulted therefrom, and that the jury were influenced thereby to the material detriment of the party complaining." Jenkins v. Davis, 111 Okl. 191, 239 P. 135.

See also Grooms v. Johnson, 192 Okl. 527, 138 P.2d 98, and Oklahoma Ry. Co. v. State ex rel. Department of Highways, 205 Okl. 325, 237 P.2d 878.

In the case of State ex rel. Department of Highways v. Weaver, Okl., 297 P.2d 549, this court quoted with approval from the Oklahoma Ry. case, supra, wherein language in the body of the opinion in the Jenkins case, supra, was cited as follows:

" 'The burden is upon the appellant to show that the error was prejudicial. Before such misconduct of counsel can result in a reversal of the judgment, it must appear that substantial prejudice resulted therefrom, and that the jury were influenced thereby to the material detriment of the party complaining.' "

■ We find nothing to indicate prejudice in the rendition of this verdict. Neither does counsel point out any such prejudice for no complaint is made of an excessive verdict or any other condition unduly influencing this result by reason of the question propounded.

The plaintiff in error (defendant) relies upon the case of Laughlin v. Lamar, 205 Okl. 372, 237 P.2d 1015 Such case is readily distinguishable from the case at bar

and is no support for the contention urged. In that case the criminal record was introduced in evidence over timely objection with no proof of a plea of guilty. Here no such record was ever offered, the sole complaint being of the question asked, which question was answered in the negative. We are of the opinion that such case offers no authority for reversal here, and that the authorities cited, supra, are controlling.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON and JACKSON, JJ., concur.

HALLEY and IRWIN, JJ., dissent.