John W. TEEL, Mabel C. Teel, George L. Lange, Eloise M. Lange, doing business as Teel Laundry and Dry Cleaning Co., Plaintiffs in Error,

v.

Bonnie GATES, a minor under the age of 14 years, who sues by John Gates, her father and next best friend, Defendants in Error.

No. 42583.

Supreme Court of Oklahoma.

March 2, 1971.

Rehearing Denied March 30, 1971.

Alfred B. Knight, Richard D. Wagner, Tulsa, for plaintiffs in error.

Jesse L. Leeds, M. Dean Storts, Muskogee, for defendants in error.

HODGES, Justice.

This appeal arises from a jury verdict for personal injuries sustained by a minor 13 years of age. Plaintiffs in error, defendants below, assert error on the part of the trial court in four particulars, none of which require reversal. The verdict of the jury and the judgment rendered thereon is affirmed. Parties will be referred to as they appeared in the trial court.

The minor plaintiff was employed by the defendants, who owned and operated a steam laundry. While operating an elevator the minor plaintiff sustained injuries to her right foot, and brought this action in the District Court of Muskogee County which resulted in a verdict in her favor in the amount of $53,250.00. For reversal defendants claim the trial court erred in the following particulars: 1. Trial court failed to sustain defendants' demurrer and motion for directed verdict. 2. Defendants were prejudiced by misconduct of plaintiff's counsel. 3. Trial court abused its discretion in failure to grant a continuance, and 4. Status of plaintiff having been judicially determined in a declaratory action in federal court was binding upon the trial court.

■ In their third proposition the defendants contend the trial judge abused his discretion in not granting a continuance because of prejudicial articles appearing in the local newspapers during the week of the trial. The asserted prejudicial aspect of the articles is the mention of liability insurance. Defendants cite cases holding it is error to inform the jury defendants are covered by liability insurance. No juror indicated that any knowledge gained from reading the newspaper articles would prevent him from being a fair and impartial juror. Defendants did not show prejudice on the part of any of the jurors on voir dire. The trial judge found no prejudice on the part of the jurors and there is none appearing in the record. Defendants did not challenge any juror for cause. The trial judge did not abuse his discretion in refusing to grant a continuance and this court will not disturb such ruling. 12 O. S.1961, Section 667. Clark v. Stowell, Okl., 315 P.2d 269 (1957).

■ Defendants next complain of plaintiff's counsel in attempting to introduce incompetent evidence by an inspector of factories with the Department of Labor of the State of Oklahoma. The witness was asked questions pertaining to the state safety code regarding safety devices and guards on elevators, and his inspection of the elevator in defendant's laundry. It appears that portions of the evidence was admissible, but even assuming all of it was incompetent, we find no prejudicial error. The trial court sustained defendants' objections and the record does not show that plaintiff's attempt to introduce this evidence or his conduct in this procedure in any way influenced or prejudiced the jury. In order for misconduct of counsel in propounding certain question to a witness to effect a reversal of the judgment, it must appear that substantial prejudice resulted, and that the jury was influenced thereby to the material detriment of the party complaining, and the burden is upon the appellant to show that the error is prejudicial. Stillwater Milling Company v. Morehouse, Okl., 381 P.2d 1006 (1963).

Defendants next assert the trial court erred in not sustaining the demurrer to the evidence and motion for directed verdict. This motion is primarily directed at the testimony of the minor plaintiff who was 14 years of age at the time of the trial and 13 at the time of the accident. Defendants argue the testimony of plaintiff indicates the accident could not have happened in the manner which counsel for plaintiff asserts. Defendants point out plaintiff was the only one who witnessed and testified about the accident and she failed to state how it occurred. Further, according to defendants' theory of the accident it could not have occurred as it would have been physically and scientifically impossible. Under this and the remaining propositions it will be necessary to examine the evidence.

Plaintiff first accompanied her mother to the laundry when she was 11 years old. The defendant Teel asked her if she would like to work for the laundry folding towels and she agreed. The steam laundry, according to the defendant, allowed daughters of mothers working at the laundry to do this as a good will measure so the mothers would not have to pay baby sitters. Minor plaintiff went to work folding towels and was paid on a piece basis at the end of each day for work done that day. This system was changed at the beginning of the year 1965 and the girls wages were added to the mothers' weekly check as overtime. In the summer of 1965, plaintiff was working after school on Tuesdays and Thursdays and every other Saturday. On the day of the accident which was normally a school day and not one of her regular work days she came to the laundry early in the morning, around 6:00 A. M., school having been let out that day because of an election. She had brought her books with her and intended studying prior to the stores opening downtown at which time she was going to do some shopping.

Sometime early that morning she had seen Mr. Morton, a supervisor in the laundry, who asked her if she wanted to fold

some towels. She went up to the third floor, folded the towels, and came back to the first floor to get a four wheel canvas covered cart to put the towels in, and had started back to the third floor on the elevator when the accident occurred. The elevator is the only one in the three story building and is of the freight type. It has lattice type wood doors to enter or exit, which are located on the building, with open ends on the elevator, and control panel with three buttons on it by which the elevator is operated. One button for up, one for down and an emergency button. In order to go up it is necessary to hold the up button until the desired location is reached. When the button is released the elevator stops.

Plaintiff testified she got on the elevator and had started up standing in her usual position with her feet close together, and, even though she could not recall the events of the accident, she thought she was standing approximately 18 inches from the edge of the elevator. She did not remember moving prior to the accident. She stated that the accident occurred between the first and the third floor as she was proceeding upward with her thumb on the up button, and while the elevator was in motion "I got my foot crushed that day in the elevator."

Defendants argue the testimony of this fourteen year old girl is insufficient in law to show how the accident occurred and she has failed to prove any negligence or the proximate cause of the accident. Defendants cite cases involving an absence of negligence in slip and fall accidents where an adult plaintiff is unable to testify how the accident occurred. In these cases a demurrer was sustained to the evidence or a directed verdict given. None of these cases involve minors or the child labor law.

Defendants maintain that if plaintiff was standing 18 inches from the edge of the elevator and does not remember moving prior to the accident, it would have been physically and scientifically impossible to have her foot crushed between the edge of the elevator and the overhang of the building.

■ Regardless of defendants' theory of how the accident could not have happened the minor plaintiff received a severe mangling type injury to her right foot while working on the premises of the defendants with their knowledge and at their invitation, on an elevator which was moving upward between the first and third floor being operated by her. The physical facts of the accident in evidence supply any deficiency in plaintiff's testimony as to the happening of the accident.

■ Defendants, in addition to their theory that plaintiff's testimony is inadequate, also assert the proposition that plaintiff is not an employee of defendants within the meaning of Title 40 O.S.1961, Sections 71 and 72. Among its counts of negligence plaintiff alleged violation of these statutes. Section 72, provides in part, "No child under the age of sixteen years shall be employed or *permitted to work* at any of the following occupations: * * * Operating or assisting in operating; * * * passenger or freight elevators." Section 71 provides, "No child under the age of fourteen years shall be employed or *permitted to work in any* * * * steam laundry, * * *." In support of this proposition the defendants present the arguments of res judicata and collateral estoppel by reason of a prior declaratory judgment in the District Court of the United States for the Eastern District of the State of Oklahoma. Defendants claim that this action in the Federal Court decided the status of Bonnie Gates with Teel Laundry at the time she was injured and that relitigation of that question is precluded.

The Federal Court case was an action filed by the Western Casualty & Surety Company where the defendants and plaintiff herein were made defendants. The Western Company had issued a policy of insurance to Teel Laundry which apparently excluded liability coverage to employees. The Federal Court found that Bonnie

Gates was not an employee of Teel Laundry at the time of the accident and for that reason the exclusion clause of the policy did not apply. Based on this finding the Federal Court ordered the Western Company to furnish the defendants herein a defense and decreed that they shall indemnify the defendants from any judgment or loss.

Defendants argue the trial court failed to recognize this Federal Court judgment and allowed plaintiff to assert again the question of whether she was an employee of Teel Laundry at the time of her accident. Assuming arguendo the applicability of estoppel or res judicata, we find no merit in defendants' argument.

Our child labor statutes (40 O.S.1961, Sections 71 and 72, supra) do not restrict its applicability to employees in the technical sense. It also prohibits children from being allowed or permitted to work. While the Federal Court found Bonnie Gates was not an employee of Teel Laundry, the court *did find* her presence in the laundry at the time of the accident was a "practical way of maintaining employee relations with her mother the same as they did with other mothers under similar circumstances and was a method of controlling the children while in the plant by way of giving them something useful to do by letting them and Bonnie Gates fold towels and rags * * *." Such a relationship was within the meaning of the child labor statutes.

In the case of Curtis & Gartside Co. v. Pigg, 39 Okl. 31, 134 P. 1125 (1913), in interpreting the statute in effect at that time we said in a syllabus of that case:

"The purpose of the child labor law is to positively prohibit children under the ages designated from being employed, *permitted* or suffered to engage in occupations that are injurious to health or hazardous to life or limb, and, in the general plan of prohibition, the terms 'employed,' 'permitted,' and 'suffered' are each a distinct office, with the full meaning and significance given such terms in common usage, and mean that children shall neither be employed by contract, *nor permitted by acquiescence,* nor suffered by a failure to hinder."

The only significant change in the statute in effect at that time and the present time is the word "suffer" has been deleted. Our statute still contains the word "permitted". We also said in the Curtis case regarding this statute that "it means that he shall not *employ* by contract, nor shall he *permit* by acquiescence, * * *." (Emphasis ours) The question is not exclusively one of whether plaintiff was an employee but whether she was "permitted" to work by acquiescence by the defendants.

■ We also find plaintiff was operating the elevator within the meaning of the statute. In the case of Employers Casualty Co. v. Underwood et al., 142 Okl. 208, 286 P. 7 (1930) we said in the fourth syllabus of that case defining the word "operating". "Word 'operating,' as used in Rev. Laws 1910, Section 3729, prohibiting employment of persons under 16 years of age for purpose of 'operating or assisting in operating * * * steam machinery,' means to put machine to actual use in business for which it was constructed and intended."

We find the questions were properly submitted to the jury under proper instructions which defendants do not complain of on appeal.

■ Defendants assert further that even if the minor plaintiff was an employee or permitted to work within the meaning of the child labor statutes, the question of proximate cause is left unanswered as there was no testimony as to the cause of the accident. Plaintiff could not tell how it happened, they argue. Again in the Curtis case we stated regarding a defendant's duty to a minor working on its premises:

"Had it not violated its duty in putting him to work at, around and over—assisting in the operation of this dangerous piece of machinery—within the realm of all reasonable probability, he would not have been hurt and bodily maimed. We

are not inclined to indulge in any nice refinements as to proximate cause, * * *."

 The physical facts are sufficient to answer defendants contention as to the proximate cause in that while on the premises of defendants where minor plaintiff did work for the defendants, minor plaintiff was injured in operating the elevator. There is sufficient cause to hold defendants liable under the statutory prohibitions set out above. In the case of Tulsa Cotton Oil Co. v. Ratley, 59 Okl. 45, 157 P. 1056 (1916), in quoting from a N.C. case we approved language as follows:

"Employment of a child in violation of statute is negligence which will sustain an action by a statute forbidding the employment of children under a certain age, or their employment at certain kinds of work or without complying with certain conditions, is held by the weight of authority to be negligence as matter of law, in an action by the child for injuries received during the course of the employment."

Also the court in the case of Employers' Casualty Co. v. Underwood, 142 Okl. 208, 286 P. 7 (1930), cites with approval the Kentucky case of Casperson v. Michaels, 142 Ky. 314, 134 S.W. 200 (1911), which stated:

"Plaintiff in violation of the statute was employed to work at a mangle in a laundry. She was standing by the mangle waiting for the signal to commence work. She placed her hand near the driver at the ear of the mangle, and her hand was caught and injured. Held, that it is immaterial that she was not actually engaged at work at the time, or that she placed her hand on a part of the mangle where she was not required to work. As the statute was designed to prevent such an accident, her employment in violation of the statute was the proximate cause of the injury."

Sections 71 and 72 were passed for the purpose of protecting the health and morals of minors of a certain age by prohibiting employment or permitting them to work in certain industries or at certain occupations described therein. The defendants employed the plaintiff, or at least permitted her to work at a steam laundry, and instructed her in the operation of and permitted her to operate an elevator within the meaning of the Sections of Title 40 prohibiting such conduct. The cause of the injury to minor plaintiff was the employment of or permitting her to work in a steam laundry and in the operation of the elevator, all in violation of Title 40, Sections 71 and 72 of our statutes.

Judgment affirmed.

DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN, LAVENDER and McINERNEY, JJ., concur.