DANCIGER v. WOOD et al. (No. 1949.)

(Court of Civil Appeals of Texas. Amarillo. April 19, 1922.)

1. Appeal and error ⚖️722(1)—Paper designated as exceptions to judgment considered as assignments of error.

Paper filed in lower court, designated "exceptions to judgment," containing eight separate subdivisions, concluding with a prayer that such exceptions be considered as a motion to vacate the judgment and to grant the defendant a new trial, held entitled to consideration as assignments of error.

2. Appeal and error ⚖️733—Assignment of error to judgment held too general for consideration.

Assignment of error that "the court erred in rendering judgment for the plaintiffs in any sum, and in holding that the law and facts warranted the judgment rendered, for the reason that the judgment is not warranted by the law and the facts, and the facts were insufficient in law to warrant the judgment rendered," held too general for consideration, in view of Court of Civil Appeal rules 25 and 26 (142 S. W. xii).

3. Appeal and error ⚖️728(1)—Assignment of error, not pointing out any specific error, will not be considered.

Assignment of error that "the court erred in not requiring the plaintiffs to meet and carry the burden of proof, which burden was cast upon them by the law, and which they did not do," will not be considered, since it is too general, and fails to point out any specific error.

4. Appeal and error ⚖️731(2)—Assignment of error to findings held too general for consideration.

Assignment of error that the court erred in its findings of fact and conclusions of law for the reasons assigned in the exceptions, because not warranted by the testimony and the law, and because in conflict with the law and the testimony, and because of the law controlling cases where a broker agrees not to claim a commission unless the purchaser perform the contract by the payment of the purchase price, held too general for consideration.

5. Brokers ⚖️63(1)—Owner voluntarily preventing performance liable for commission.

Owner, who voluntarily prevents performance of contract procured by broker, would be liable for commission, even though broker's contract makes payment of commission dependent on performance.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Suit by W. A. Wood and another against M. O. Danciger. Judgment for plaintiffs, and defendant appeals. Affirmed.

T. F. Hunter and W. L. Scott, both of Wichita Falls, for appellant.

Bonner & Bonner, of Wichita Falls, for appellees.

BOYCE, J. Appellees, W. A. Wood and A. W. Major, brought this suit against appellant, M. O. Danciger, to receive a commission for procuring the execution of a contract between Danciger and the Gould Oil Company, by the terms of which said Oil Company agreed to drill a well on a certain lease owned by Danciger. The plaintiffs alleged that the defendant employed them to procure such

a contract, and agreed to pay them for such service $1,000 in cash and $2,500 out of the first oil produced from said land; that they did procure such a contract with the said Gould Oil Company, but that the defendant breached the contract with the Oil Company, and did not allow it to perform said work; that they thereupon became liable for the payment of said sums of money. The defendant answered that the payment of the commission for such service was dependent upon the actual drilling of the well by the drilling contractor, and provided for payment of a part of the commission out of the oil produced from the well so drilled; that the well was not drilled, due to the default of the Gould Oil Company to perform the obligation of its contract. The case was tried before the court without a jury, and judgment rendered for the plaintiffs. The trial judge filed the following findings of fact and conclusions of law:

## "Findings of Fact.

"(1) The court finds that prior to the 29th of August, 1919, the defendant, M. O. Danciger, listed with the plaintiffs, Wood and Major, a certain oil lease in Wichita county, Texas, under an agreement by which the plaintiffs herein were to procure for the defendant a drilling contractor, who would agree to contract with the defendant for the drilling of a well thereon, upon terms satisfactory to the defendant.

"(2) The court finds that for this service the defendant agreed to pay the plaintiff $1,000 in cash and $2,500 from oil to be produced from said well.

"(3) The court finds that the plaintiffs, Wood and Major, procured a contractor and purchaser, the Gould Oil Company, who entered into a contract with the defendant on the 29th day of August, 1919, for the drilling of said well—the terms of said contract being in every way satisfactory to the defendant Danciger; the contract being introduced in evidence and marked Exhibit I; the contract providing that the said Gould Oil Company should begin the drilling of a well on said tract on or before September 15, 1919, barring unfavorable delays occurring through no fault or negligence on the part of the Gould Oil Company—and that said Gould Oil Company forthwith proceeded under the terms of said contract to move a drilling rig onto said lease, and prepared in good faith to begin the drilling of said well, as provided for in the contract between it and M. O. Danciger, which had been procured and brought about through the efforts of plaintiffs.

"(4) At the time in question rains were falling frequently and the roads in the oil fields were in bad condition and the Gould Oil Company, in moving its boiler onto said lease, were delayed and hampered to some extent, and its full equipment and machinery was not installed on said lease as quickly as it otherwise would have been.

"(5) The court finds that said 'Gould Oil Company, a partnership, was the owner of several complete drilling rigs, all situated in the same territory with the defendant's lease, and that the said Gould Oil Company was at all times in position to proceed with and complete the drilling of said well under the terms of said contract with M. O. Danciger, and was ready, able, and willing to perform the same, but that the defendant Danciger negotiated with the said Gould Oil Company for a release and cancellation of the contract, and in the course of such negotiations claimed that the machinery which had been installed on the lease was too small for drilling the well, and also made some contentions with reference to whether the Gould Oil Company had moved onto said lease within the time specified.

"(6) The court finds that said Gould Oil Company at the time of said negotiations had complied with said contract, and that the defendant, Danciger, was not in position and could not have legally canceled the same, and the Gould Oil Company had at all times properly contended that it could and would perform said contract in all things, but as a result of said negotiation the Gould Oil Company agreed with the defendant, M. O. Danciger, that for a small sum of money it would release the defendant from said contract and move to other locations near by on contracts which were more advantageous to it; and the defendant procured the Gould Oil Company so to do in order that the defendant, Danciger, could in turn make other contracts with reference to his lease, and that the said parties mutually agreed to such an agreement, the defendant Danciger paying the Gould Oil Company the amount agreed upon, and the contract between them thereupon came to an end.

"(7) The court finds that neither of the plaintiffs at any time requested or in any manner agreed to the negotiations between the defendant Danciger and said Gould Oil Company, whereby said parties agreed to a cancellation of the drilling contract.

"(8) The court further finds that on the 29th day of August, 1919, and just after the signing of the contract between Danciger and Gould Oil Company referred to, the defendant prepared, signed, and delivered at the office of the plaintiffs the two letters introduced in evidence and marked Exhibits 2 and 3, set out in the defendant's special answer.

"(9) The court finds that, after the defendant, Danciger, had secured a release of his contract with the Gould Oil Company, which had been brought about through the efforts of plaintiffs, the said Danciger entered into other drilling contracts with other parties forthwith, upon terms which to said Danciger were at the time thought to be as good or better than the contract with Gould Oil Company, which he had theretofore had, and that in pursuance with the new contract the persons contracting with the defendant did drill on said lease and procured a valuable oil well thereon, and that the same had produced more than $2,500 in value in oil run, to the credit of the defendant, Danciger, at and before January 1, 1920.

"(10) The court finds that the contract between defendant, Danciger, and the Gould Oil Company was in all respects legal, and that either party thereto could have enforced the same at any time.

"(11) The court finds that the plaintiffs have demanded payment of the sums adjudged in

their favor, but that no part of same has been paid.

"Conclusions of Law.

"Under the foregoing facts, the court concludes that as a matter of law the plaintiffs are entitled to recover the full amount sued for. It is the opinion of the court that the right of the plaintiffs to recover their commission agreed upon is not affected by the fact that the principal, Danciger, and the customer, Gould Oil Company, after completing a valid, binding contract, satisfactory to the defendant, and brought about wholly through the efforts of plaintiffs, subsequently entered into an agreement canceling said contract; the plaintiffs not having requested or consented to the cancellation. 9 C. J. p. 605, title 'Brokers'; 2 C. J. p. 773, title 'Agency.' The case of Goldsberry v. Thomas, 178 Mo. App. 334, 165 S. W. 1179, is especially applicable, and the case of Kirkland & Son v. Berry (Texarkana Court of Civil Appeals) 136 S. W. 832, is in point; also Simpkins on Contracts and Sales, p. 775, and authority cited."

[1] The appellee objects to the consideration of all appellant's assignments, for numerous reasons. The defendant filed in the court below a paper designated "Exceptions to Judgment," which contains eight separate subdivisions. This instrument concluded with a prayer that such exceptions be considered as a motion to vacate the judgment of the court and to grant the defendant a new trial. The court did so treat it and overruled the "motion." No other assignments are filed in the transcript. We think that, under the circumstances, this instrument may be considered as the appellant's assignments of error. With this general statement, we will proceed to consider the assignments presented in the brief and appellee's separate objections thereto.

[2] The first assignment of error presented in the brief is as follows:

"The court erred in rendering judgment for the plaintiffs in any sum, and in holding that the law and facts warranted the judgment rendered, for the reason that the judgment is not warranted by the law and the facts, and the facts were insufficient in law to warrant the judgment rendered."

This assignment is too general and cannot be considered. Rules 25 and 26 for Courts of Civil Appeals (142 S. W. xii); Denby Motor Truck Co. v. Mears (Tex. Civ. App.) 229 S. W. 994.

The second assignment presented in the brief is as follows:

"The court erred in holding, as it did, that the defendant, M. O. Danciger, breached the drilling contract between him and the Gould Oil Company, and on that account was liable to plaintiffs for the commission, for the reason that the uncontradicted evidence showed that it was not breached by defendant, but by the Gould Oil Company, in its failure to move on the property with a sufficient drilling outfit, and in its further failure to begin actual drilling within the time specified within the contract for it to so begin."

The foregoing is not a substantial reproduction in language or thought of any specific "exception" contained in the instrument filed by appellant, as above stated, and is not entitled to consideration. We have, however, examined the evidence on this point, and think that it is sufficient to sustain the finding of the trial court that the Gould Oil Company was not in default in the performance of its contract with the appellant, and that the cancellation of the contract was brought about by the appellant himself; so that in any event the assignment should be overruled.

[3] The third assignment is as follows:

"The court erred in not requiring the plaintiffs to meet and carry the burden of proof, which burden was cast upon them by the law, and which they did not do."

This is too general, and points out no specific error for consideration.

[4, 5] The fourth assignment presented is as follows:

"The court erred in its findings of fact and conclusions of law filed herein, for the reasons assigned in the exceptions thereto filed at the time, because the testimony and the law did not warrant same, and because same were in conflict with the law and the testimony, and because the testimony was insufficient in law to warrant said findings of fact and conclusions of law, and same was in conflict with the law and the facts, and ignored the fundamental law of the land controlling cases where a broker agrees not to claim a commission, unless the purchaser consummate, carry out, and perform the purchase contract made by the payment and delivery of the purchase price."

This assignment is also too general. If the "exceptions" by reference became part of the assignment, then it is also multifarious, as there are eight of these. If, however, we should hold the latter part of the assignment as being sufficiently specific to require consideration of the proposition there suggested as applicable to the facts of the case, the assignment should be overruled. Even if the payment of the commission were, by the terms of the contract, dependent on performance of the drilling contract, the defendant would become liable when he voluntarily prevented such performance. Riley v. Palmer (Tex. Civ. App.) 237 S. W. 326, in addition to authorities cited by the trial judge in his conclusions of law.

Our conclusion is that the judgment should be affirmed.