**ROBERTS et al. v. FOWLER.  (No. 9950.)**

Court of Civil Appeals of Texas. Dallas. June 11, 1927.

**1. Appeal and error ⟨⟐⟩1002—Appellate court will not disturb jury's verdict where evidence would have justified finding for either party.**

The Court of Civil Appeals will not disturb the verdict of the jury on special issues where evidence was conflicting and would have justified finding in favor of either party.

**2. Brokers ⟨⟐⟩86(1)—Evidence that purchasers repudiated transaction after part performance by broker employed to purchase land held to support judgment for broker, in suit for commissions.**

Evidence that purchasers employed broker to purchase land, agreeing themselves to institute legal proceedings to divest minor owners of interest, and repudiated transaction after broker had obtained acceptance of adult owners *held* to support judgment for broker in suit against purchasers for commissions.

**3. Brokers ⟨⟐⟩63(1)—Broker employed to purchase land may, after employer repudiates transaction, recover profits he would have earned.**

Broker employed to purchase land may treat the contract as rescinded and recover profits he would have earned if not prevented from performing, when, after he has procured the consent of adult owners to sell the land, the purchasers repudiate the agreement.

**4. Appeal and error ⟨⟐⟩930(1)—Appellate court, reviewing evidence to determine its sufficiency to support judgment for plaintiff, will view it in light favorable to plaintiff.**

In reviewing evidence to determine its sufficiency to support a judgment for plaintiff on the verdict of a jury, the appellate court will view the evidence in the light most favorable to plaintiff.

**5. Brokers ⟨⟐⟩74—Broker may recover from purchaser repudiating contract commissions he would have earned from purchaser and vendor where both knew he was acting for the other.**

Broker may recover from one who employed him to purchase land, and who, after broker's part performance, repudiated transaction, both commissions, which the purchaser and owners, with full knowledge that the broker was acting for both, promised to pay.

**6. Appeal and error ⟨⟐⟩1117—Appellate court cannot render for appellee judgment, not sustained by pleading, though it sustains cross-assignment of error.**

The Court of Civil Appeals' cannot render judgment for plaintiff, though it sustains his cross-assignment of error to the action of the trial court in striking part of his petition, where, on the defendants' appeal after judgment for less than plaintiff's claim, there is no pleading to enable it to do so.

Appeal from Dallas County Court at Law; Wm. M. Cramer, Judge.

Action by D. E. Fowler against A. J. Roberts and another. Judgment for plaintiff for less than the amount claimed. Defendants appeal, and plaintiff files a cross-assignment of error. Affirmed.

Otis Bowyer, of Baird, and J. H. Synnott, of Dallas, for appellants.

Cockrell, McBride, O'Donnell & Hamilton and J. L. Lipscomb, all of Dallas, for appellee.

LOONEY, J. D. E. Fowler, a real estate broker, plaintiff below, alleged that he was employed by Aubrey J. Roberts and Thomas S. Christopher, the defendants, to assist them in purchasing, at $125 per acre, a farm located near Grand Prairie, Dallas county, that belonged to Mrs. Elmenor Poindexter, a widow, her three grown sons, and three minor grandchildren; that defendants agreed to pay plaintiff for his services a fee of $350, and further it was understood that he was to represent the sellers and would be paid by

them an additional fee of $200. Plaintiff alleged that he secured acceptance of the defendants' proposition, by the owners, the execution of a written contract to that effect by Mrs. Poindexter, one of the owners, and, while the contract was signed by one J. T. Hatcher as purchaser, he was not interested in the transaction but signed at the instance and on behalf of defendants, the real purchasers. Plaintiff further alleged that defendants agreed to take all necessary steps to have the disability of one of the minors, Floyd O'Donnell, a young man of 19 years of age, removed and secure the appointment of a guardian for the estates of the two Farley children, the other minor grandchildren, in order that their interests in the property might be legally sold and conveyed. Plaintiff alleged that defendants failed to institute any of these proceedings, and on being charged by him with their negligence in this respect informed plaintiff that they were through with the trade and did not intend to purchase the land. Plaintiff thereupon filed this suit, claiming that he was damaged in the sum of $350, the amount of the fee they agreed to pay, also the further sum of $200, the amount of the fee the owners of the land had agreed to pay.

Defendants answered by general and special denials and specially excepted to that part of the petition wherein plaintiff sought to recover the $200 fee he was to receive from the owners of the land. The court sustained this exception and struck out that part of the petition to which it was directed. To this action plaintiff excepted and brings the question up for review by cross-assignment.

The case was submitted to a jury on special issues, in response to which they found that defendants agreed to purchase the land in question at $125 per acre and to pay plaintiff $350 for his services in bringing about the sale; that Mr. Roberts, one of the defendants, agreed to secure the removal of the disability of Floyd O'Donnell, one of the minor grandchildren, the appointment of a guardian for the estates of the two Farley children, the other minors, and all necessary orders of court for the legal conveyance of their interests in the land, and, further, the jury found that J. T. Hatcher, who signed the written contract as purchaser, was not in fact the purchaser but was to take title for and on behalf of the defendants. The findings of the jury were in all respects favorable to plaintiff.

Appellants are urging a number of assignments and propositions for reversal, but we believe all may be reduced to one contention; that is, that the evidence was not sufficient to sustain the verdict of the jury and the judgment of the court.

[1] On all material issues the evidence was conflicting and would have justified a finding in favor of either party, but as the jury, acting within its exclusive province as arbiters of the facts, resolved the conflicts in favor of plaintiff, we are not at liberty to disturb their verdict.

[2] The facts found by the jury, plus the facts the court was authorized to find from the evidence, were in our opinion sufficient to justify the judgment. The evidence warranted the finding, and in support of the judgment we assume the court so found that defendants repudiated the contract of purchase and refused to pay plaintiff the compensation agreed upon. In view of this situation, we do not deem it necessary to discuss any other phase of the case.

[3] The general rule seems to be, where one party repudiates and refuses to be bound by the contract, the injured party may treat the repudiation as ending the matter for all purposes of performance and sue and recover profits he would have earned if he had not been prevented from performing. This rule is, in our opinion, applicable to the facts of this case and is decisive of this controversy in favor of plaintiff. In an opinion by Judge Rasbury for this court in Leonard v. Kendall, 190 S. W. 786, the rule was announced as follows:

"The controlling American rule in such cases is said to be the English rule, which is: 'That a renunciation of a contract, or, in other words, a total refusal to perform it by one party before the time for performance arrives, does not, by itself, amount to a breach of contract, but may be so acted upon and adopted by the other party as a rescission of the contract as to give an immediate right of action. When one party assumes to renounce the contract, that is, by anticipation refuses to perform it, he thereby, so far as he is concerned, declares his intention then and there to rescind the contract. Such a renunciation does not of course amount to a rescission of the contract, because one party to a contract cannot by himself rescind it. * * * The other party may adopt such renunciation of the contract by so acting upon it as in effect to declare that he, too, treats the contract as at an end, except for the purpose of bringing an action upon it for the damages sustained by him in consequence of such renunciation.' 3 Elliott, Contracts, * * * §§ 2027, 2028. The rule is similarly declared in 9 Cyc. 635, 636, 637. * * * It is also the rule in this state. Kilgore v. Northwest Texas Baptist Educational Ass'n, 90 Tex. 139, 37 S. W. 598."

Also see Lake Shore, etc., Ry. Co. v. Richards, 152 Ill. 59, 38 N. E. 773, 777, 30 L. R. A. 33; note to Wester v. Casein Co., Ann. Cas. 1914B, 377.

[4] Taking the most favorable view of the evidence for plaintiff, as we should in support of the judgment, it appears that he secured the acceptance by all adult owners of the land, of the defendants' offer of purchase, and in other respects did all he could or was reasonably required to do, up to the time it is claimed by him that the contract was repudiated by defendants.

It is true, no one could at that time speak

authoritatively for the minors or bind their interests, but Mr. Roberts, according to the finding of the jury, agreed to put in motion the processes of law necessary to secure the divestiture of the interests of the minors. In this, however, it appears there was a complete failure, as no action was taken looking to that end, and on defendants being confronted with this situation, plaintiff testified that they repudiated the contract. In view of this situation, it would have been folly for plaintiff or the owners of the land to continue efforts to secure court action looking to the divestiture of the title of the minors.

Hamburger & Dreyling v. Thomas, 103 Tex. 280 (284) 126 S. W. 561, was a suit by the broker against the owner for commissions, but the principle announced is equally applicable where the broker sues the purchaser. In that case the court said:

"It is made plain that he [the purchaser] would have bought but for the fact that an examination made in good faith on the evidences of title produced by defendants did not satisfy him of its soundness. So it appears that the sale negotiated by plaintiff was defeated solely by the failure of defendants to make good their stipulation to furnish a clear title to the purchaser. When these simple facts, established by the verdict of the jury, are disentangled from the contentions in which the case has been enveloped, there is no difficulty in seeing that the plaintiff had done all he was required by the contract to do towards the completion of the sale; in short, had rendered the service he was employed to render, and that the sale was defeated through the fault of the defendants."

On the same question, in the case of Danciger v. Wood (Tex. Civ. App.) 240 S. W. 694, 696, the court said:

"Even if the payment of the commission were, by the terms of the contract, dependent on performance of the drilling contract, the defendant would become liable when he voluntarily prevented such performance."

Also see Levy v. Duncan Realty Co. (Tex. Civ. App.) 178 S. W. 984; Curlee v. Phelps (Tex. Civ. App.) 242 S. W. 517.

We therefore hold that the plaintiff was justified in treating the contract at an end for all purposes and to immediately file suit on his cause of action.

[5] Appellee contends under his cross-assignment of error that, with full knowledge on the part of the owners and purchasers, he acted as broker for both, and as he was defeated in collecting the fee the owners agreed to pay him, because defendants repudiated the contract, he was entitled to recover as damages the amount of the fee thus lost, and that the court erred in sustaining the special exception to the part of his petition setting up this cause of action.

This assignment is, in our opinion, well taken and must be sustained on the authority of Brawner v. Cumbie (Tex. Civ. App.) 264 S. W. 497, 499. In that case the court announced the rule applied by us here in a well sustained opinion by Judge Blair, as follows:

"It is the well settled law in Texas that where both parties know and consent to contracts by the broker for commissions from both of them, and he is the efficient cause of the contract of trade or exchange, upon a refusal by one of the parties to perform the broker may recover from the party so refusing to perform not only the commission which he contracted to pay, but also that which he would have otherwise have received from the opposite party."

[6] However, we cannot render judgment for appellee, for the reason there is no pleading before the court as a basis for such relief. But the case will not be reversed on account of this error, for, the reason that appellee, in the contingency thus presented, waives his contention under the cross-assignment.

We have given due consideration to appellant's assignments and propositions, and, finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.