Beckett v. Miller.

---

No. 23,500.

J. A. Beckett, *Appellee,* v. A. B. Miller, *Appellant,* et al.

SYLLABUS BY THE COURT.

Agency—*Sale of Land—Agreement by Buyer to Pay Commissions Enforceable.* Where at the time a written agreement is made for the sale of land it is orally agreed between the parties and an agent originally employed by the seller that the buyer is to pay his commission, the enforcement of the seller's promise in an action against him by the agent is not prevented by the fact that nothing was said about the matter in the writing, to which the agent was not a party.

Appeal from Kiowa district court; Littleton M. Day, judge. Opinion filed February 11, 1922. Affirmed.

*C. H. Bissitt,* of Greensburg, for the appellant.
*O. G. Underwood,* of Greensburg, for the appellee.

The opinion of the court was delivered by

MASON, J.: A. W. Kline, the owner of a tract of land, listed it for sale with J. A. Beckett, a real-estate agent. Beckett negotiated a sale to A. B. Miller. A written contract was executed by Kline and Miller providing for the sale of the land by the former to the latter for $15,000. Later Beckett sued Miller for his commission of $400, alleging that he had agreed to pay it. The plaintiff recovered judgment and the defendant appeals.

The evidence was that just before the written contract between Kline and Miller was signed it was orally agreed between the three that the latter was to pay Beckett's commission. The defendant urges that a promise on his part to pay the commission would have been an agreement to pay for the land four hundred dollars more than the consideration named in the written contract—that evidence of such an oral promise was inadmissible because it amounted to an attempt to vary the terms of the written contract.

It is true that in the absence of any express agreement Kline, and Kline alone, was liable for the plaintiff's commission. It was of course competent for the parties to make such an agreement in this respect as they saw fit. The payment of the commission was not a matter that was an essential part of the written agreement between Kline and Miller—that document defined what Miller was to pay Kline and what he was to receive in return. The commission by the adjustment affected became a matter between the plaintiff and Miller. This action is not one by Kline to exonerate himself from liability. It is not brought to enforce the written agreement. It is founded on the oral promise of Miller to the plaintiff, who was not a party to the writing. In this situation we think the rule forbidding the admission of oral evidence to vary a written contract has no application.

The judgment is affirmed.