## OIL RECLAIMING CO. v. REAGIN et al.

No. 23573.    Oct. 9, 1934.

Rehearing Denied Oct. 30, 1934.

Application for Leave to File Second Petition for Rehearing Denied Nov. 20, 1934.

Stephenson, Proffitt & Shackelford and Brown Moore, for plaintiff in error.

J. M. Grubbs, for defendant in error.

BAYLESS, J. The defendants in error, G. N. and W. T. Reagin, who where plaintiffs below, recovered a judgment against the plaintiff in error, Oil Reclaiming Company, a corporation, which was defendant

below, by the verdict of a jury in the district court of Payne county, Okla. The suit was brought to recover compensation for services rendered under a contract alleged to be partly oral and partly implied. The parties will be referred to as they appeared in the lower court.

The defendant appealed. Several errors are alleged, but in the brief of the defendant argument is advanced as to five only, and these will be considered in their order.

The first assignment of error is: The court erred in denying the defendant's motion for a continuance of the trial. The record shows that the defendant had about 40 days' notice that the case would be set for trial during the month of November, and that it had at least 13 days' notice of the trial date. Six days after receiving notice of the trial date, the defendant's attorney wrote to the plaintiffs' attorney telling him of the absence of witnesses and seeking a continuance by agreement, but was unsuccessful. On the day of trial a formal application for continuance was filed upon the ground of the absence of material witnesses. Plaintiffs contend that this application was insufficient as judged by the statutory requirements. We do not expressly approve its allegations as fully meeting the statute, but its substance is probably sufficient. The application may be discussed from two angles: (1) The absence of witnesses; and (2) the illness of another witness. The main controversy was waged over the question of whether there was a contract, and if so, its terms. Plaintiffs and one or two kinsmen were present at the discussions. At least four or five stockholders, officers, and agents of defendant company were present at these discussions and participated therein. One of the plaintiffs and one of his kinsmen testified for plaintiffs as to the contract and its terms. Two of the above-named representatives of defendant company testified for it, contradicting the testimony of plaintiffs' witnesses. The testimony of the absent witnesses could only corroborate one side or the other. Their absence is not shown to have deprived defendant of any evidence not otherwise available. The granting of a continuance is left to the sound discretion of the trial court, and the court's action thereon will not be interfered with in the absence of a showing of abuse resulting to the prejudice of the moving party. As to the witness said to be sick it is sufficient to say that he appeared and testified at the trial.

The second assignment of error is: The court erred in overruling the defendant's demurrer to the plaintiffs' testimony. The plaintiffs sought, by this action, to recover $200, as the agreed price for dismantling, moving, and reassembling an oil treating plant, and compensation, on a quantum meruit basis, for certain services rendered in treating oil in a test designed to determine whether the parties should enter into a contract to operate the oil treating plant in the future; the plaintiffs asserting that the test was successful, but that defendant wrongfully refused to make the contract after the test was finished. Both of plaintiff's witnesses testified positively that $200 was the price agreed upon for dismantling, moving, and reassembling the oil treating plant, if defendant decided to go through with the proposed test. G. N. Reagin, one of the plaintiffs, positively testified that the general manager of defendant company called a few days after and ordered this oil treating plant moved. This plaintiff also testified as to the number of days plaintiffs worked treating the oil during the test and the value of such services, on a quantum meruit basis, and that although the test proved the venture commercially successful, the defendant ordered them to shut down the plant and refused to make a contract for the future or to pay them for this work. In the face of this testimony there was nothing for the court to do but let the case proceed, for, in our opinion, the plaintiffs had introduced sufficient testimony to meet the burden of proof resting upon them.

The third assignment of error presented is: The court erred in refusing to direct a verdict for the defendant. The defendant's contention was that the entire venture was on a contingent basis, that is, the plaintiffs were to dismantle, move, and reassemble the oil treating plant, and to treat enough material to determine whether the proposed venture would be commercially successful, and if it did so prove, then a contract was to be made to share the profits equally, the defendant to pay for certain chemicals and materials to offset plaintiffs' labor. Its witnesses testified to this in detail, and positively testified that the test proved the proposed venture unsuccessful; that all of the parties admitted this after producing two tanks of oil, and quit, the plaintiffs taking $10.26 and the defendant a like sum as a equal division of the profits arising from the two tanks of oil produced. In view of this testimony, and what we have said in discussing the previous assignment, there was created a conflict in contentions

and in evidence which, under our procedure, had to be submitted to the jury. The court was clearly right in overruling defendant's motion for a directed verdict in its behalf.

The fourth assignment of error is an objection to the court's instruction No. 3. The defendant argues that this instruction, which attempts to state to the jury the issues pleaded by the plaintiffs and their burden of the proof thereunder, presents some "vague theory on which plaintiffs might recover because of some sort of agreement to enter into a contract," which was outside of the plaintiffs' pleading and proof. The amendment to the petition, filed by the plaintiffs, very plainly sets the measures of their claims as $200, the price agreed upon for one part of the work, and compensation on a quantum meruit basis for the labor expended in making the tests because the defendant wrongfully refused to make the contract which was supposed to follow a successful test. We have heretofore said that the testimony introduced by the plaintiffs was sufficient to meet the burden of proof resting upon them. Therefore, this instruction was in keeping with the pleadings and proof, and the objection to it upon this ground is not well taken.

The fifth and last assignment of error is an objection to the court's instruction No. 5. This instruction sets out the contention of the defendant and the burden of proof thereon. The defendant complains that this instruction, taken alone, would give the jury the impression that the defendant rested under the burden of making out its defense regardless of the extent to which plaintiffs had failed to meet the primary burden of proof relating to the cause of action. This instruction, considered alone, may do this. But it must be remembered that each instruction cannot be made to express the entire cause of action, or the sum of all of the issues of the action with side excursions relating to exceptions, priorities, and problems involved. This is the purpose of the court's instructions as an entire group. It is sufficient when an instruction correctly gives the issues presented by one of the parties and the burden of proof relating thereto, and another instruction serves a like function as to the other party, and still other instructions cover individual problems of the law involved, and, lastly, that the instructions as a whole cover all of the issues presented and problems of law and evidence involved. In instructions Nos. 2 and 3, the court told the jury that the burden of the

case rested upon the plaintiffs. The instruction complained of did not stand alone, but was preceded and followed by other instructions. It is not reasonable to assume that the jury singled out this particular instruction and gave to it the interpretation which defendant asserts it can be given, and consequently ignored all other instructions. While the instructions as a whole are not complained of as inadequate, and we are not called upon to consider them from that viewpoint, nevertheless, they appear to us to be adequate and to cover the issues presented and the law involved.

The judgment of the trial court is affirmed.

The plaintiffs moved for judgment upon affirmation of the judgment against the defendant and its sureties upon the supersedeas bond; therefore said motion is granted and judgment is hereby granted plaintiffs against the defendant and Globe Indemnity Company, New York, N. Y., surety upon said bond, upon said supersedeas bond in the like sum and amount as plaintiffs had, and now have judgment against defendant; and, upon the issuance of mandate to the district court of Payne county, Okla., said court is directed to enter judgment upon its rolls in accordance herewith.

RILEY, C. J., and OSBORN, BUSBY, and WELCH, JJ., concur.