## DANCIGER OIL & REFINING CO. v. WAYMAN.

No. 23364. Nov. 27, 1934.

Scott P. Squyres and Owen & Looney, for plaintiff in error.

William F. Collins, for defendant in error.

McNEILL, J. This is a suit for a real estate commission by a broker with whom property was listed for sale. The broker found a purchaser, and the purchaser failed to perform his contract in consummating the purchase. The broker contends that the purchaser, by reason thereof is liable to him for the real estate commission.

Plaintiff, E. C. Wayman, a real estate broker, brought this action against the defendant, Danciger Oil & Refining Company, a corporation, for an alleged breach of contract to purchase an oil and gas mining lease which had been listed with him for sale at a price of $12,500. Plaintiff alleged that said defendant knew that said lease was listed with him to yield the seller the sum of $12,500, and that any amount for which plaintiff could sell said lease in excess of that amount was to be retained and owned by him as a commission for his services in making a sale of said lease. Plaintiff alleged that he had appointed another agent to act for him in negotiating the sale of said lease, that said defendant purchased said lease and agreed to pay therefor the sum of $15,000 in cash, and evidenced said purchase by a letter addressed to said agent and signed "Danciger Oil & Refining Company, by R. J. Reinke." Said letter stated in part: "This will confirm purchase from you of ten (10) acre, five (5) year oil and gas mining lease covering * * * at a price of fifteen hundred dollars ($1,500) dollars per acre, which is to be paid in cash upon approval by attorney for Danciger Oil & Refining Company."

Plaintiff further alleged that, upon receiving said commitment of purchase from the defendant, plaintiff delivered the abstracts covering the property to defendant, and that said defendant thereafter, through its agent, R. J. Reinke, informed plaintiff that the title to said property had been approved and that payment would be made pursuant to said letter of purchase; that defendant has failed and refused to accept the lease, which plaintiff has tendered upon numerous occasions to defendant, and by reason thereof has become and is indebted to plaintiff in the sum of $2,500 as a commission which plaintiff earned and which plaintiff has demanded that the defendant pay to him.

The defendant filed its answer in the form of a general denial, which was verified by leave of court during the progress of the trial.

The cause was tried to a court and jury. The evidence shows that the lease in question was owned by the Shields Petroleum Company, which had employed plaintiff to find a purchaser, and that plaintiff, through his agent, had obtained from the defendant the purchase order set forth in plaintiff's petition; that plaintiff was to pay said agent for his services from $500 to $800; that promptly after obtaining said purchase order plaintiff delivered to said defendant abstracts of title; that soon thereafter plaintiff talked with Reinke, the agent of said defendant company, and no objections were offered to the title, but said agent of said company requested further time on behalf of the defendant to complete the purchase. The evidence also tends to show that the defendant company asked at various times to have the time extended in order that said company might raise the necessary money to complete said contract of purchase, and that said company was satisfied with the title and would conclude said purchase. The evidence, however, is conflicting in reference to the title.

Defendant offered certain instructions to embrace its theory of the issues. These instructions apparently covered but two propositions, to wit: The effect of the failure of the plaintiff to perform his part of the contract, which was covered by defendant's requested instructions Nos. 1 and 3; and the right of defendant to select the person with whom it dealt, and its freedom from liability to one unknown to it in the transaction. This latter theory was set forth in defendant's requested instruction No. 2. This requested instruction, which the court refused to give, specifically directs that, if the jury found from the evidence that said defendant company did not know the plaintiff in the transaction embodied in this suit, but understood and believed that it was dealing solely with Louis Godlin, to whom the letter of purchase

sued upon was written, then the jury should find for the defendant.

The defendant also introduced evidence to the effect that no tender of a ten-acre oil and gas lease had been made, but that the tender which was made to said defendant company covered two separate five-acre tracts, and that the attorney for the defendant company disapproved the title to said leases. This evidence conflicted with the evidence of the plaintiff that there were no defects in the title, and that, if there were any, the same had been waived by the defendant's agent, Reinke, when repeated requests had been made for an extension of time for the consummation of said deal for the purpose of arranging for the money to purchase said lease.

The cause was submitted to the jury, and judgment was entered by the trial court for the plaintiff in the sum of $2,500 as a brokerage commission. The defendant has appealed to this court.

The defendant presents in its brief three propositions:

(1) The real estate broker does not have such an interest in a contract of purchase between his principal and the prospective purchaser that he can mtaintain an action thereon in his own name.

(2) The memorandum signed by R. J. Reinke, as agent of the Danciger Oil and Refining Company, purporting to be an agreement to purchase a certain lease, does not contain all the essential elements of a contract, and is insufficient under the statute of frauds to support a recovery.

(3) The court erred in denying the defendant's motion for a continuance.

Plaintiff urges that defendant has shifted its ground in urging propositions 1 and 2; that said defendant now seeks a review of alleged errors which are not enumerated in its motion for new trial; and that defendant has abandoned its theory advanced in the trial below.

We find no fault with the authorities cited by defendant holding that a broker cannot recover from a prospective purchaser for loss of commission by reason of failure of a prospective purchaser to comply with his contract of purchase on the theory that there is no privity of contract between the broker and prospective purchaser, when the cause of action is based upon a contract between the seller and the prospective purchaser; but this general rule of law is not applicable where the prospective purchaser by contract with the broker has agreed to pay the commission or has agreed with the broker that the commission shall be paid out of the purchase price. See Beckett vs. Miller et al. (Kan.) 204 P. 539; Cavender v. Waddingham, 2 Mo. App. 551; Livermore v. Crane, 26 Wash. 529, 67 P. 221, 57 L. R. A. 401; Darling v. Moscowitz, 159 N. Y. S. 672; Roberts et al. v. Fowler (Tex. Civ. App.) 297 S. W. 339; Calhoun v. Downs et al. (Cal.) 297 P. 548.

It does not appear to be disputed that an oil and gas lease covering the property in question was listed for sale with plaintiff for $12,500, and that such fact was known to the defendant at the time it wrote the letter of confirmation of purchase; and that the defendant understood that the sum of $12,500 was to be net to the seller, and that the difference between $15,000 and $12,500 was to go to the agent as a commission.

There is evidence in the record to show that the defendant, through its agent, Reinke, at different times orally confirmed the agreement, and there is evidence to support the contention that the defendant agreed with the plaintiff to buy the oil and gas lease in question and pay the plaintiff as a real estate commission the sum of $2,500.

The issues were properly presented to the jury. The jury was told, in substance, that if the plaintiff, through his agent, negotiated a sale for the oil and gas lease in question to the defendant for the sum of $15,000, and that said company accepted said lease, and abstracts of title were furnished covering the property described in the lease, and the title was found to be merchantable, and no objection thereto was made, and the plaintiff was ready and willing to deliver the leases or lease for the sum of $15,000, and that defendant failed and refused to comply with said contract, then plaintiff was entitled to recover.

The jury was also instructed that if the defendant had notified said agent that it could not and would not accept said lease because the same did not conform to the letter of purchase set forth in said petition, and that, subsequent thereto, said defendant waived the terms of said contract set out in said letter of purchase, and that it then agreed to take the lease and merely asked to have further time in which to finance or procure the purchase money for said lease, then, in that event, the jury should find for the plaintiff.

On the other hand, the jury was told that

the defendant company, as a defense, stated that it informed said agent of plaintiff, subsequent to the time of said purchase letter, that it would not accept said lease in the form then presented; that said company had purchased a lease covering the entire ten acres in question and that said knowledge was conveyed to Louis Godlin, the agent of plaintiff, and that said offer was then rejected and that the said defendant then and there refused to take the lease. The jury was instructed, if it found these facts from evidence, to find for the defendant.

The jury resolved these questions in favor of the plaintiff. The instructions covered the issues, and there is ample evidence to sustain the verdict of the jury.

As to the second proposition, concerning the statute of frauds, it is observed that defendant did not plead the statute of frauds. This question was not presented or urged in the trial court. This court will not consider this question when presented and urged by defendant in this court for the first time on appeal. Render v. Lillard, 61 Okla. 206, 160 P. 705.

There is no merit to defendant's third proposition. The petition alleged the appointment of an agent. The defendant had not, at the time the case was called for trial, denied this appointment under oath as required by section 287, C. O. S. 1921 (220. O. S. 1931). The defendant was allowed to verify his answer during the progress of the trial. The motion for continuance presented no legal ground for a continuance. It set up no facts or particulars from which it could be adjudged that defendant used diligence to obtain the evidence it sought to introduce.

Judgment affirmed.

CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, and BUSBY. JJ., concur. WELCH, J., dissents. RILEY, C. J., and ANDREWS, J., absent.