STATE v. DUERKSON, Ex'r, et al.

No. 30769. Jan. 5, 1943.

132 P. 2d 649.

Mac. Q. Williamson, Atty. Gen., Randell S. Cobb, Asst. Atty. Gen., and Harry O. Glasser, Special Counsel, of Enid, for the State.

Wilson & Wilson, of Enid, for defendant in error Herman Adolph Duerkson, Ex'r.

Coldiron & Coldiron, of Enid, and E. Blumhagen, of Watonga, for defendant in error Northern Oklahoma Co-Operative Hospital Association.

WELCH, C. J. This case concerns the alleged and questioned last will and testament of Henry Heitholt, deceased. When the questioned document was presented for probate in the county court, the state filed petition and contest on the theory that the deceased died intestate and without heirs and that the estate should escheat to the state.

The document was established as the last will and was admitted to probate and the state appealed to the district court. There the county court judgment was affirmed. On appeal to this court the state urges that the trial court abused its discretion in denying the state's motion for a continuance to enable the state to prepare for trial and to obtain the attendance of witnesses.

From an examination of the entire record, we are convinced there is merit in the state's contention; that additional time should have been allowed for trial and to secure witnesses, and that the short time requested could have been allowed without any undue delay to any one adversely interested, and that such time should have been allowed.

Nine days after the county court trial the appeal was filed in district court. Five days thereafter the district judge made an order setting the case for trial twelve days later, and on the next day, or eleven days before the trial day, the Attorney General was so advised by letter. Within that eleven-day period the Attorney General sought, but unsuccessfully, to appear before the judge to seek further time and to present a request for a jury trial. On the day assigned for trial the Attorney General, and an attorney specially named by the Governor, appeared and orally and by written motion requested a short continuance or stay, pointing out that important special matters in this court and other courts in the eleven-day period had left no time to prepare for trial, and that if given a stay of a few days,

preparation could be made and the attendance or depositions of named witnesses would be procured. All requests for postponement were denied. The request for jury trial was also denied and the trial was held on the day scheduled.

It is pointed out that the answer of the principal testamentary beneficiary was only filed two days before the trial in district court, and that on trial day the answers of others were filed.

The estate here involved is substantial and the case is quite important to all who are or may be interested. Since the case must be retried, we deem it better that no further statement of the facts or circumstances be made.

The prompt trial and determination of cases in court is most commendable, but when a trial is forced with such dispatch as to result in depriving an interested party of reasonable opportunity to prepare for trial and secure witnesses, and the whole circumstances are such as to convince that there was an abuse of judicial discretion, it is the duty of this court to reverse.

We do not disregard the general rule as was held in Kurn v. Margolin, 187 Okla. 135, 101 P. 2d 818, "The granting or refusing of a continuance is discretionary with a trial judge." We cannot apply that rule, for we must hold there was an abuse of discretion.

In 17 C. J. S. 194, this general rule is well stated:

"Whether the ruling of a court on a motion for a continuance is within the proper exercise of its sound discretion usually depends on the facts of the particular case, the chief test being whether the grant or denial of the motion operates in the furtherance of justice. . . ."

We are convinced here that the attorneys for the state were guilty of no lack of diligence; that the position and circumstance in which they found themselves, through no fault of their own, justified and required that they have a continuance or postponement of the trial date, and that we should hold the denial thereof to be an abuse of discretion, requiring reversal.

The judgment appealed from is therefore reversed and the cause remanded, with directions to grant a new trial.

OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, J., absent.