HIGHWAY INSURANCE UNDER-
WRITERS et al. v. EVANS.

No. 32220.   Oct. 29, 1946.

Rehearing Denied March 6, 1951.

*228 P. 2d 361.*

Cruce, Satterfield & Grigsby and Ben Franklin, Oklahoma City, for plaintiffs in error.

J. Henry Weston and Bishop & Bishop, Seminole, and O. A. Cargill, James R. Eagleton, and O. A. Cargill, Jr., Oklahoma City, for defendant in error.

BAYLESS, J.  H. A. Day, his employee, and his insurance carrier, appeal from a judgment of the superior court of Seminole county in favor of Mrs. Everett Evans, suing as the mother and next friend of Lucille Evans, a minor. The minor was injured by the negligence of Day's employee and the circumstances of the incident were such that no defense was made to the plea of negligence. The only issues tried, injuries being admitted, were the nature and extent of the injuries suffered and the amount of damages to be awarded.

Day has presented a number of contentions concerning errors committed during the trial for which a reversal of the judgment is sought. We regard one of these contentions as meritorious. It involves a fundamental matter that was erroneously decided to the prejudice of Day.

Day urges that it was an abuse of discretion and error for the trial court to refuse his application for a continuance of 24 hours because of the absence of a material witness, a medical expert. In support of this he makes a reasonable

showing of the following factors: (1) When the child was injured she was taken first to the Chambers and Pace clinic, where Dr. Pace began caring for her. But when Dr. Chambers arrived he assumed the further care of the child and cared for her thereafter until she was released by him as cured; (2) Dr. Chambers was subpoenaed as a witness by Day and was present in court in obedience to its command when the case came on for trial at the first setting. At the time the case was continued and the witnesses present were ordered to appear on the future trial date under the force of the process theretofore served on them. On the date the case was tried Dr. Chambers was known to be in town, but he left the county before he was called to the stand as a witness and actually was unavailable when called. He was called by long distance telephone at Bartlesville, Okla., and promised to be present the next day. In the light of these factors Day asserts that since the limited issue tried depended so largely on the testimony and opinions of the medical experts and this particular witness was in possession of information not available to any other witness because of his professional relationship to the injured child, that he could not safely proceed to trial without this witness, and that he has done everything reasonably within his power to procure the attendance of this witness at the trial of the action.

Both sides agree that the granting or refusing of an application for continuance is a matter that rests in the sound discretion of the trial court and that the court's action in granting or refusing continuance will not be interfered with except in instances of clear abuse of the discretion. Each side cites and relies upon authorities which they say support their respective contentions. It is obvious from reading the cases cited by the respective parties that each case depends largely upon the peculiar facts and circumstances applicable to it, and it is the application of the general rule stated to the limited facts of each case that usually presents the problem to

be solved and results in the granting or refusing of the application for continuance. It appears from Oil Reclaiming Co. v. Reagin, 169 Okla. 505, 37 P. 2d 289, that the trial court's refusal to grant a continuance was not considered erroneous in view of the fact that the testimony to be obtained from the absent witness was corroborative only of evidence already available. In the case of Kurn Margolin, 187 Okla. 135, 101 P. 2d 818, the trial court was listening to the application for continuance with some degree of sympathy until it developed that the attorneys for the party making the application for continuance did not know whether or where they could obtain evidence upon the particular issue then being considered. This court held that it was no abuse of discretion to deny an application for continuance under such circumstances.

In this case the opposing counsel undertook to obviate the necessity of the presence and testimony of the missing witness by agreeing to stipulate that the witness would testify to certain facts, if the attorney making the application for continuance would state into the record the facts which he expected to elicit from the missing witness. The movant declined to take advantage of this offer, basing the refusal so to do upon the fact that the extent of the missing witness' knowledge in the case was not known because the missing witness had not been interviewed on the point.

Under the showing made we are of the opinion that Day exercised every right accorded him by law to enforce the attendance of this witness and cannot be censored or adjudged remiss in his efforts to produce the witness. We are of the opinion that the showing with respect to the peculiar opportunity this particular witness had to treat the injured child and to know the nature and extent of her injury and the extent to which she had recovered was such as to entitle Day to rely upon the presence and testimony of this witness and that his being forced to trial in the absence of the witness under the circumstances

shown was prejudicial to him. No effort was made below or here to show that a 24-hour continuance was unreasonable under the facts. The issue was narrow since Day had admitted liability for the injuries done to the child, which were in a sense inflicted under aggravated circumstances, and the lack of an opportunity to present evidence to combat the plaintiff's contentions with respect to the extent of the injuries and to minimize his liability in the matter was a serious consideration for Day.

The judgment appealed from is reversed and the cause is remanded for further proceedings not inconsistent herewith.

GIBSON, C.J., HURST, V.C.J., and OSBORN and WELCH, JJ., concur.