## BARHAM v. BOWMAN.

No. 33051. April 6, 1948.

*191 P. 2d 917.*

W. E. Green, J. C. Farmer, R. J. Woolsey, D. H. Sanders, and Otho Flippo, all of Tulsa, for plaintiff in error.

C. S. Walker and Hess Crossland, both of Tulsa, for defendant in error.

CORN, J. Plaintiff brought this action to recover the sum of $250 from defendant as money had and received. Plaintiff alleged she had entered into a written contract with one Irene Van Zandt to purchase a certain described piece of real estate, and had delivered the money to defendant as a stakeholder until the terms of the contract of purchase were complied with; but that the sale had not been consummated and the seller and plaintiff mutually agreed to cancel, annul and set aside the contract of purchase; that both parties had been relieved thereby, but that defendant refused to return the money to plaintiff.

Demurrer to defendant's first answer and cross-petition was sustained, as was plaintiff's motion to require defendant to make his answer more definite and certain. Defendant thereafter secured an order making another real estate broker and the seller parties defendant, and then filed further answer denying the allegations of the petition. By cross-petition defendant alleged the seller (Van Zandt) had listed the property with Baker, who in turn listed same with defendant at a price of $5,250, under an agreement that they

should divide the commission. Further, that under this arrangement defendant secured the plaintiff as a buyer under a binding contract of sale, and received the $250 to be applied upon the purchase price, and that he had paid a part of this sum over to Baker before any controversy arose between plaintiff and the seller. The cross-petition then alleged that plaintiff and seller had entered into a written contract of rescission, notwithstanding that defendant had performed all the services required by him, and was entitled to recover said commission, and further sought relief over against the seller in the event plaintiff was permitted to recover the $250 from defendant.

After a considerable period the matter was finally determined by the trial court upon plaintiff's motion for judgment upon the pleadings, the motion being sustained and the judgment rendered against the defendant for the amount sued for, with interest and costs. From this judgment, plaintiff has appealed.

In seeking reversal of the judgment defendant relies upon our decision in Danciger Oil & Rfg. Co. v. Wayman, 169 Okla. 534, 37 P. 2d 976, 97 A.L.R. 854. Examination of that case will reveal that there the purchaser agreed in writing to purchase certain property, with the knowledge that the difference between the amount paid and the amount to be received by the seller was the agent's commission. This case is clearly distinguishable from the present case upon the facts, and is not authority for the proposition urged by defendant.

In the early case of Hurley v. Anicker, 51 Okla. 97, 151 P. 593, it was pointed out, in line with the general rule, that where a contract for the sale and purchase of real property is abandoned and mutually rescinded by the parties thereto, then the buyer may recover back the money previously paid under the contract. The rule so announced has been followed and applied in Bishoff v. Myers, 101 Okla. 36, 223 P. 165; Kyger v. Caudill, 115 Okla. 102, 241 P. 814, and cases therein cited; Harman et al. v. Franks, 178 Okla. 560, 63 P. 2d 54, recognizing the rule.

Under the rule announced plaintiff was entitled to recover the money deposited as part payment (with the seller's agent) even though the contract of purchase provided for a forfeiture of this amount in the event of a default in payment of the balance, since it was shown by the pleadings that the failure to perform resulted from mutual rescission of the contract. Under these circumstances, the action of the trial court in sustaining plaintiff's *motion for judgment upon the pleadings* was correct, the plaintiff's right to recovery being shown upon the face of the pleadings.

Judgment affirmed.