In the Matter of the ESTATE of Carl KATSCHOR, Deceased.

Phillip Kurt STUMPFF, a minor, et al., Appellants,

v.

Marie KATSCHOR, Appellee.

No. 46481.

Supreme Court of Oklahoma.

Nov. 18, 1975.

Rehearing Denied Dec. 23, 1975.

Garvin, Bonney & Weaver, Duncan, Morgan & Morgan, Smith & Smith, Guthrie, for appellants.

Frank W. Davis, Guthrie, for appellee.

HODGES, Vice Chief Justice.

This is a petition for certiorari from the Court of Appeals, Division No. 2, which involves the contest of a will filed by the widow, Marie Katschor (proponent), the day after Carl Katschor (decedent), her fifth husband, died. The contestants challenged its admission to probate, alleging undue influence. The trial court admitted the will to probate after refusing to grant an additional continuance to the contestants.

The principal contention on appeal is that it was prejudicial error and an abuse of discretion by the trial court to deny contestants' motion for a continuance in order to secure proponent's deposition for the purpose of showing undue influence and duress. It is asserted the denial of the motion prevented them from being able to adequately prepare for trial.

The basis of contestants' argument is that at the time of the execution of the will proffered by proponent, decedent was acting under undue influence which overcame his free will and volition. It is alleged that undue influence and duress were exercised by proponent.

The testimony of numerous witnesses established that: decedent and proponent were apparently husband and wife; they lived alone in the basement of the Spiritualist Church in Guthrie, Oklahoma, where she was pastor; proponent had been decedent's spiritual advisor for years preceding their marriage; and that she was able, because of decedent's health and his dependence on her for transportation, to keep decedent secluded to a large extent from his family and friends with whom he had formerly associated.

Contestants argue in a will contest case where the issue is whether undue influence was exercised by proponent of the will, and the decedent was kept secluded so that it is impossible to obtain any direct evidence from third parties on this issue, contestants should have been granted a continuance for a reasonable time within which to procure proponent's deposition. Two continuances were granted to contestants. One, after the contestants' attorney died after the initiating of the contest, and another, after additional counsel was retained.

Under 12 O.S.1971 § 383,[1] contestants had the right to take the deposition of proponent. However, service of the subpoena could not be made. Proponent's attorney was given the required notice that depositions would be taken, under 12 O.S.1971 § 439,[2] but neither he nor she appeared at the time and place designated in the notice.

[1]. 12 O.S.1971 § 383 provides:
"Any party to a civil action or proceeding may compel any adverse party or person, or any agent, servant, or employee of such party or person, for whose benefit such action or proceeding is instituted, prosecuted, or defended, at the trial, or by deposition, to testify as a witness, in the same manner and subject to the same rules as other witnesses, provided that any such adverse party, his agent, servant, or employee called as a witness by the opposing party shall be deemed a hostile witness and may be cross-examined by the party calling him to the same extent as any opposition witness."

[2]. 12 O.S. 1971 § 439 provides in pertinent part:
"Prior to the taking of any deposition, unless taken under a special commission, a written notice, specifying the action or proceeding, the same of the court or tribunal in which it is to be used, and the time and place of taking the same, shall be served upon the adverse party, his agent or attorney of record, or left at his usual place of business or residence. * * * "

Contestants argue the trial court abused its discretion by requiring them to go to trial without having taken the deposition of proponent, especially when their failure to obtain the deposition was the result of her intentional disregard of notice and avoidance of service of process. They argue she should not be permitted to gain an advantage by her own improper acts.

■ The general rule in Oklahoma is that the granting or refusing of a continuance is within the sound discretion of the trial court, and the refusal to grant a continuance is not reversible error unless an abuse of discretion is shown. *Teel v. Gates,* 482 P.2d 602 (Okl.1971).

The applicable statute 12 O.S.1971, § 667, provides in pertinent part:

"The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just; . . ."

■ A continuance based on the absence of a witness or of evidence expected to be given by him is properly refused where the applicant fails to use due diligence to procure the witness or obtain his testimony by deposition. *Danciger Oil & Ref. Co. v. Wayman,* 169 Okl. 534, 37 P.2d 976, 978, 97 A.L.R. 854 (1934). *Brown v. Chaddick,* 197 Okl. 515, 172 P.2d 996 (1946). However, the issuance and service of a subpoena on a non-appearing material witness constitutes a sufficient showing of diligence entitling a party needing such testimony to a continuance until it can be secured. Where a party has acted in a timely and diligent manner, refusal to continue a case to permit the taking of a deposition authorized by statute is prejudicial error. *Western Union Teleg. Co. v. Williams,* 129 Ky. 515, 112 S.W. 651 (1908); 17 Am.Jur.2d Continuance § 10 p. 128.

In *State v. Duerkson,* 191 Okl. 670, 132 P.2d 649 (1943), a will contest case, this court refused to apply the general rule because of an abuse of discretion. The court held:

"The prompt trial and determination of cases in court is most commendable, but when a trial is forced with such dispatch as to result in depriving an interested party of reasonable opportunity to prepare for trial, and secure witnesses; and the whole circumstances are such as to convince that there was an abuse of judicial discretion, it is the duty of this court to reverse." * * *

"Whether the ruling of a court on a motion for continuance is within the proper exercise of its sound discretion usually depends on the facts of the particular case, the chief test being whether the grant or denial of the motion operates in the furtherance of justice."

■ We are convinced the attorneys for the contestants were not guilty of lack of diligence. This case involves the contest of a will based primarily on alleged undue influence perpetrated by the wife of the decedent, the proponent of the will. The taking of her deposition was essential to the contestants' case. The circumstances justified a continuance and the denial thereof was an abuse of discretion, and a denial of justice.

Reversed and remanded.

WILLIAMS, C. J., and DAVISON, BERRY, BARNES and DOOLIN, JJ., concur.

SIMMS, J., concurs in result.

IRWIN and LAVENDER, JJ., dissent.