**Ethel BOOKOUT, individually and as the widow and personal representative of Warren Bookout, deceased, Appellant,**

v.

**GREAT PLAINS REGIONAL MEDICAL CENTER, a non-profit corporation, Appellee.**

**No. 87185.**

Supreme Court of Oklahoma.

April 8, 1997.

Rehearing Denied June 13, 1997.

Garvin A. Isaacs, H. Craig Pitts, Oklahoma City, for Appellant.

Stephen Peterson, Oklahoma City, for Appellee.

KAUGER, Chief Justice.

The dispositive issue presented on certiorari is whether, under the facts presented here, the trial court erred when it refused to allow two additional days to respond to a motion for summary judgment.[1] We find that it did.

---

1. Because our ruling on the refusal to grant a continuance is dispositive, we need not deter-

## FACTS

On March 23, 1995, the appellant, Ethel Bookout, (Bookout/widow), filed a petition in the District Court of Beckham County, Oklahoma, seeking damages for alleged negligence by the appellee, Great Plains Regional Medical Center (Medical Center), after her husband died while recovering from surgery. Just before the Christmas holidays in late December of 1995, the Medical Center filed a motion for summary judgment, supported by two discharge summaries of the decedent, a report of consultation, and an affidavit by the decedent's family doctor insisting that neither the medical center or its employees were negligent.

Subsequently, the widow learned that her lawyer had failed to secure an expert witness. She promptly retained new counsel, who immediately made contact with the Medical Center's lawyers and explained the circumstances and asked for a continuance. The Medical Center agreed to a brief extension. On January 3rd, 1996, the widow filed a motion for continuance,[2] pursuant to Rule 13(d), 12 O.S.1991, Ch. 2 app., Rules for the District Courts,[3] formally requesting that the trial court continue its consideration of the Medical Center's summary judgment motion, until 15 days after the completion of discovery which allegedly was scheduled to be completed on March 1, 1996. The Medical Center objected to any extension beyond nine or ten days, insisting that the widow had plenty of time to secure her own expert.

At the hearing to consider the widow's motion for continuance, the widow informed the trial court that she had contacted two experts, and she requested two additional days to provide her experts' affidavits and to respond to the motion for summary judgment.[4] The trial court denied the widow's motion for continuance, and it entered summary judgment for the Medical Center and against the widow. Subsequently, the widow filed a motion for new trial attaching the two affidavits of her expert witnesses, and asserting that trial court entered summary judgment prematurely.

The trial court overruled the widow's motion for a new trial. The widow appealed, insisting that the trial court erred by failing to grant a continuance, in granting summary judgment, and in denying a new trial. The Court of Civil Appeals affirmed the trial court. We granted certiorari on October 22, 1996.

## THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE WIDOW A TWO DAY CONTINUANCE TO RESPOND TO THE MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT.

The widow argues that the trial court erred when it refused to allow her two addi-

---

mine whether the trial court erred in granting summary judgment in favor of the Medical Center or in denying the widow a new trial.

2. Although there was apparently some confusion concerning whether the deadline for responding to the motion for summary judgment was January 3rd, 1996, or January 5th, 1996, it is immaterial here.

3. Rule 13(d), 12 O.S.1991, Ch. 2 app., Rules for the District Courts, see note 5, infra. See also, 12 O.S.1991 § 667 which provides in pertinent part:

"The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just ..."

4. We note that there is no transcript of the January 17th, 1996, hearing. However, the transcript of the hearing on the widow's motion for reconsideration and motion for new trial provides in pertinent part at pp. 4–5:

"... Your Honor, we don't believe ten days was reasonable, ten days for use to acclimate ourselves with this case, ten days for us to locate an expert witness, ten days to have such witness review this huge file and then to provide us with an affidavit.

In that ten day period of time we were successful in obtaining experts, two experts; one an expert in nursing care and another an expert M.D. who has done very many of these parotidectomy surgeries.

At the hearing I told the Court of these two experts and I requested from the Court that he give me two days to provide such affidavits and the Court denied such request.

I'm now asking the Court to consider our position and consider that Rule 13(d) provides that the Court may order a continuance to permit a party to get affidavits, to do depositions, and to continue discovery on the grounds that are just. We believe that it would be unjust to deny Mrs. Bookout a day in court because her prior counsel refused to do his job."

tional days to obtain affidavits from her expert witnesses in order to respond to the Medical Center's motion for summary judgment. The Medical Center asserts that the widow had plenty of time to obtain evidence to support her claim. However, the medical center does not dispute that the trial court knew of the circumstances surrounding the widow's recent replacement of her attorney, or that she offered to provide the proper affidavits and to respond to the motion for summary judgment if she were given two additional days.

▪ For the first time on certiorari, the Medical Center contends that the widow's motion for continuance was fatally flawed because it was not supported by an affidavit.[5] We note that the Medical Center did not make this assertion in the trial court or in its response to the petition in error.[6] Nor does the record reflect whether the trial court considered the lack of an affidavit a factor in its decision to deny the widow's motion for continuance. Rather, it appears that the Court of Civil Appeals *sua sponte* recognized that the widow did not attach an affidavit to the motion for continuance, and subsequently the Medical Center made this assertion in its response to certiorari.

We are not concerned by the form of the motion under these facts because it was signed by counsel of record, who is a member of the Bar of the State of Oklahoma and as such, has already sworn a solemn oath to do no falsehood in court, nor consent that any be done under his name. In addition, between the written motion and the hearing on the motion, it appears that the trial court was fully informed of the materiality of the evidence expected to be obtained and that counsel was proceeding with due diligence to obtain it.

▪ After a party moves for summary judgment, the trial court may order a continuance to permit the party opposing the motion to obtain affidavits or to take depositions as justice may require to properly respond to the summary judgment motion.[7] Generally, the granting of a continuance is within the sound discretion of the trial court and refusal to grant a continuance is not reversible error unless an abuse of discretion is shown.[8]

In *Matter of Estate of Katschor,* 543 P.2d 560, 562 (Okla.1975), a will contest case, this Court stated that the general rule is that " a continuance based on the absence of a witness or of evidence expected to be given by him is properly refused where the applicant fails to use due diligence to procure the witness or obtain his testimony by deposition."[9] However, quoting from *State v.*

---

5. The *Medical Center* cites Rule 13(d) 12 O.S. 1991 Ch. 2 app. Rules for the District Courts, and 12 O.S.1991 § 668 in support of its assertion. Rule 13(d) provides:

"**Should it appear from an affidavit of a party opposing the motion** that he cannot for reasons stated present facts essential to justify his opposition, the court may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." (Emphasis supplied).

Section 668 provides in pertinent part:

"**A motion for a continuance, on account of the absence of evidence, can be made only upon affidavit,** showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be ..." (Emphasis supplied).

6. *Markwell v. Whinery's Real Estate, Inc.,* 869 P.2d 840, 843 (Okla.1994) (Failure to raise an error for appeal by inclusion in the petition in error is fatal to its consideration.).

7. Rule 13(d), 12 O.S.1991 Ch. 2 app., Rules for the District Courts, see note 5, supra.

8. *Matter of N.L. Carney,* 754 P.2d 863, 869 (Okla. 1988); In re *Guardianship of Deere,* 708 P.2d 1123, 1125 (Okla.1985). We have previously recognized that abuse of discretion is the standard of review for a denial of a continuance under 12 O.S.1991 § 667, see note 3, supra. *Herbert v. Chicago, Rock Island & Pac. R. Co.,* 544 P.2d 898, 900 (Okla.1975); *Matter of Estate of Katschor,* 543 P.2d 560, 562 (Okla.1975); *Teel v. Gates,* 482 P.2d 602, 604 (Okla.1971). Like § 667, Rule 13(d) 12 O.S.1991 Ch. 2 app. Rules of the District Courts, see note 5, supra, also provides that the trial court "may" order a continuance. Similarly, the refusal to grant a continuance under Rule 13(d) is subject to review of an abuse of discretion. See, e.g. *Mott v. Carlson,* 786 P.2d 1247, 1249 (Okla.1990).

9. See also, *Danciger Oil & Ref. Co. v. Wayman,* 169 Okla. 534, 37 P.2d 976, 978, 97 A.L.R. 854 (1934); *Brown v. Chaddick,* 197 Okla. 515, 172 P.2d 996 (1946).

*Duerkson,* 191 Okla. 670, 132 P.2d 649 (1943), we also said:

> " 'The prompt trial and determination of cases in court is most commendable, but when a trial is forced with such dispatch as to result in depriving an interested party of reasonable opportunity to prepare for trial, and secure witnesses; and the whole circumstances are such as to convince that there was an abuse of judicial discretion, it is the duty of this court to reverse ... Whether the ruling of a court on a motion for continuance is within the proper exercise of its sound discretion usually depends on the facts of the particular case, the chief test being whether the grant or denial of the motion operates in the furtherance of justice.' "

Consequently, we found that where the applicant's attorney was not guilty of a lack of diligence and the evidence sought was essential to the cause, the circumstances justified a continuance and the denial thereof was an abuse of discretion and a denial of justice.[10] Similarly, in *Highway Ins. Underwriters v. Evans,* 204 Okla. 205, 206–07, 228 P.2d 361 (Okla.1946), 15 A.L.R.3d 1272, we held that the trial court erred and abused its discretion when it refused to grant an application by the defendant for a continuance of 24 hours because of the absence of a material witness. We recognized that no effort had been made at either the trial court or at the appellate level to show that a 24–hour continuance was unreasonable under the facts of that case.

Here, although nine months passed from the time the widow filed her petition until she retained a new attorney, the widow promptly retained new counsel when she learned that her lawyer had failed to secure an expert witness. Just a few days after the new attorney was hired, he filed a written motion for continuance explaining that: 1)

the widow had replaced her attorney and that the new lawyer had been retained for only a few days; and 2) new counsel would be able to take all necessary depositions of all parties involved, and that he could identify the genuine issues of material fact regarding the Medical Center's alleged negligence, if given until discovery was completed.

The Medical Center agreed to an extension of time, and within a few days after filing the motion to continue, the widow's counsel retained two experts. By the time a hearing on the motion for continuance was held, the widow's lawyer identified for the trial court the two expert witnesses and assured the court that within two days she could provide the experts' affidavits and properly respond to the motion for summary judgment.

After the motion for continuance was denied, within one month of being hired, the new counsel filed a motion for new trial and attached the affidavits of the two medical experts. Considering all of these facts, we are convinced that the attorney for the widow was not guilty of a lack of diligence. Deposing the experts and providing their affidavits was essential properly to respond to the motion for summary judgment. No showing was made at either the trial court, or at the appellate court, that a two day continuance was unreasonable under these facts. The circumstances justified a continuance and the denial thereof was an abuse of discretion.[11]

## CONCLUSION

After a party moves for summary judgment, the trial court may order a continuance to permit a party opposing a motion for summary judgment to obtain affidavits or to take depositions as justice may require to properly respond to the summary judgment motion.[12] Although the granting of a contin-

**10.** See, *Herbert v. Chicago, Rock Island & Pac. Railroad Co.,* see note 8, supra; *Anderson v. Chapman,* 356 P.2d 1072, 1073 (Okla.1960); *Norman v. McGraw,* 299 P.2d 521, 523 (Okla. 1956); *Cullison v. Triplett,* 281 P.2d 743, 744 (Okla.1955).

**11.** *Herbert v. Chicago, Rock Island & Pac. Railroad Co.,* see note 8, supra; *Matter of Estate of Katschor,* see note 8, supra; *Anderson v. Chap-*

*man,* see note 10, supra; *Norman v. McGraw,* see note 10, supra; *Cullison v. Triplett,* see note 10, supra; *Highway Ins. Underwriters v. Evans,* 204 Okla. 205, 206–07, 228 P.2d 361 (Okla.1946), 15 A.L.R.3d 1272,.

**12.** Rule 13(d), 12 O.S.1991 Ch. 2 app., Rules for the District Courts, see note 5, supra.

uance is within the sound discretion of the trial court, a refusal to grant a continuance is reversible error when an abuse of discretion is shown.[13] Under the facts presented here, the trial court abused its discretion when it refused to allow the widow two additional days to properly respond to the Medical Center's motion for summary judgment.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT REVERSED AND CAUSE REMANDED.**

SUMMERS, V.C.J., and HODGES, LAVENDER, SIMMS, WILSON and WATT, JJ., concur.

HARGRAVE and OPALA, JJ., dissent.

---

**13.** *Herbert v. Chicago, Rock Island & Pac. R. Co.,* see note 8, supra; *Matter of Estate of Katschor,* see note 8, supra; *Teel v. Gates,* see note 8, supra.