2000 OK CIV APP 88

**Susan K. HULL, Plaintiff/Appellant,**

v.

**Steven B. HULL, Defendant/Appellee.**

**No. 93,333.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 16, 2000.

Virginia Henson, Shawnee, Oklahoma, For Appellant.

Bill J. English, Norman, Oklahoma, For Appellee.

## OPINION

CARL B. JONES, Presiding Judge:

¶ 1 Appellant (mother) appeals from an order denying her Motion for New Trial in this divorce action. At trial, mother's attorney unsuccessfully moved for a continuance and she was denied the opportunity to call certain witnesses to testify. The witnesses were not allowed to testify because there had been no list of witnesses submitted as required by a previous trial court order. Custody of the parties' six year old son was awarded to the father. On appeal, mother contends the trial court erred in refusing to grant a continuance and erred in awarding custody of the child to Appellee (father).

¶ 2 This dispute arises out of the failure of mother's attorney's[1] to follow the trial ·court's Resolution Conference Order. That order was entered February 17, 1998, scheduling a "Resolution Conference" on April 8, 1998. This order required the parties to have completed discovery and exchanged lists of witnesses and exhibits, etc. by 5:00 o'clock p.m. on Thursday of the week preceding the Resolution Conference.[2] The order provides that the Resolution Conference date "will not be changed except by written application, approved by opposing counsel and submitted to this Court for a hearing ... at least ten (10) days prior to the Resolution Conference, unless good cause is otherwise shown." It further requires that each attorney provide to the judge at his office by Thursday at 5:00 o'clock p.m. of the week preceding the Resolution Conference "... copies of all documents, witness lists, marked exhibits, and materials ordered exchanged

1. The attorney handling this appeal for mother is not the same attorney who represented her in the trial court.

2. The Resolution Conference Order required that the following things be done by 5:00 o'clock p.m. on Thursday of the week preceding the Resolution Conference:
   "A. Completed discovery;
   B. Filed all motions;
   C.. Completed and exchanged home studies · and evaluations (if applicable);
   D. Completed and exchanged medical or psychological reports (if applicable);
   E. Completed Joint Custody Plan (if applicable);
   F. Marked all exhibits and exchanged same with opposing counsel;
   G. Exchanged lists of witnesses with a brief summary of the testimony expected of each;
   H. Exchanged written stipulations of each party;
   I. Completed Financial Declaration (see enclosed form);
   J. Exchanged statements of disputed *fact* questions;
   K. Exchanged listing of all disputed *legal* issues with appropriate citations;
   L. Provided an estimate of time to try counsel's side of the case;
   M. Submitted in writing to opposing counsel your Proposed Resolution pertaining to all matters regarding the divorce;
   N. Complied with provisions of the Indian Child Welfare Act and Uniform Child Custody Jurisdiction Act (if applicable);
   O. Completed and exchanged child support guidelines;...."

. . ." by that order. The order finally states, "IT IS FURTHER ORDERED that if any of the foregoing provisions have not been accomplished or the required exhibits, documents, materials and etc. presented to the Court and opposing counsel *by Thursday at 5:00 o'clock p.m. of the week preceding the above scheduled Resolution Conference* the same shall not be admitted for use at trial nor shall witnesses other than your clients be permitted to testify at trial. . . ."

¶ 3 A trial court is vested with broad legal discretion in granting or denying a new trial, and unless it clearly appears that the trial court erred in some pure, simple question of law, or acted arbitrarily, its judgment will not be disturbed on appeal. *Dominion Bank of Middle Tennessee v. Masterson*, 1996 OK 99, 928 P.2d 291, 294. The district courts have wide discretionary powers to enforce their pre-trial orders. *Short v. Jones*, 1980 OK 87, 613 P.2d 452, 457 (no error in trial court's refusal to allow a key witness to testify on grounds he was not sufficiently identified in pre-trial order). Such rulings regarding pre-trial orders will not be disturbed unless they are affected by an abuse of that discretion. *Phillips v. Oklahoma Farmers Union Mutual Ins. Co.*, 1993 OK CIV APP 199, 867 P.2d 1361, 1363. Likewise, whether to grant a request for a continuance is within the sound discretion of the trial court, and the refusal of such a request will not be disturbed unless an abuse of that discretion is shown. *Bookout v. Great Plains Regional Medical Center*, 1997 OK 38, 939 P.2d 1131, 1134–35. Furthermore, rulings concerning the admission of evidence are also measured against the abuse of discretion standard. *Holm–Waddle v. Hawley*, 1998 OK 53, 967 P.2d 1180, 1182. "Abuse of discretion" has been defined by our courts as "a clearly erroneous conclusion and judgment, against reason and evidence." *Abel v. Tisdale*, 1980 OK 161, 619 P.2d 608, 612; *Broadwater v. Courtney*, 1991 OK 39, 809 P.2d 1310, 1312.

¶ 4 The trial court in the instant case insisted on compliance with its pre-trial Resolution Conference Order. This was within the court's discretion. Failure to comply with that Resolution Conference Order re-

sulted in unlisted witnesses being precluded from testifying. That decision and the decision to deny a request for continuance were also discretionary. Those decisions, although certainly prejudicial to mother's case, were brought about purely by the mother's attorney's failure to prepare and by his general lack of due diligence. It has been held that, "A continuance based on the absence of a witness or of evidence expected to be given by him is properly refused where the applicant fails to use due diligence to procure the witness or obtain his testimony by deposition." *Estate of Katschor*, 1975 OK 159, 543 P.2d 560, 562. The trial court has every right to expect its orders to be complied with absent a timely and justified request for relief from, exception to, or modification of the order. In this case, there is no evidence or argument excusing the total lack of compliance with a valid and unambiguous pre-trial order. The record reflects that the reason cited for the continuance asked for was that the defendant thought there was a chance for reconciliation. No abuse of discretion is shown or found.

¶ 5 Mother's other allegation of error concerns awarding custody of the minor child to the father. Custody contests are of equitable cognizance and the findings and decree of the trial court cannot be disturbed unless found to be against the clear weight of the evidence. *Mueggenborg v. Walling*, 1992 OK 121, 836 P.2d 112, 114. Deference should be given to the trial court in its decisions regarding custody of minor children because it has the advantage of observing the behavior and demeanor of the witnesses and can decide what weight should be given to a witness's testimony. *Id.; Manhart v. Manhart*, 1986 OK 12, 725 P.2d 1234, 1237. When custody of a minor child is the issue, the paramount consideration should always be what is in the best interests of that child. *Rice v. Rice*, 1979 OK 161, 603 P.2d 1125, 1128.

¶ 6 An examination of the record, including that evidence properly presented to the trial court, does not reveal the trial court's decision to have been clearly contrary to the weight of the evidence or to the child's best interests with respect to its physical, mental

and moral welfare. Accordingly, the order appealed from is affirmed in all respects.

¶7 AFFIRMED.

¶8 BUETTNER, J., concurs.

GARRETT, J., dissenting:

¶1 I dissent because the sanctions imposed by the trial court denied appellant her day in court.