**2014 OK 38**

**GLENHURST HOMEOWNERS ASSOCIATION, INC.,**
Plaintiff–Appellee,

v.

**XI FAMILY TRUST, Xiang Yu Ren, Trustee, Defendants–Appellants.**

**No. 110,574.**

Supreme Court of Oklahoma.

May 6, 2014.

Robert T. Keel, Robert T. Keel Law Firm, Oklahoma City, Oklahoma, Attorney for Appellants.

Matthew L. Winton, Vaughn, Winton & Clark PLLC, Edmond, Oklahoma, Attorney for Appellee.

GURICH, J.

### Facts & Procedural History

¶1 Glenhurst Homeowners Association ("HOA") filed an action against Xi Family Trust and Xiang Yu Ren ("homeowner"), for breach of real property covenants. The HOA's Petition argued that the covenant for the Glenhurst Addition required all houses built in the neighborhood to have roofs that

were the weathered wood color.[1] After a hail storm in 2010, homeowner hired a contractor to replace his roof and told the contractor to put the most energy efficient shingles on the house. The contractor did not put weathered wood colored shingles on the house. In its Petition, the HOA asked the trial court for an injunction, requiring homeowner to remove the nonconforming shingles and install shingles of weathered wood color.

¶ 2 Homeowner failed to file an answer in the case, and the trial court granted a default judgment against him. Subsequently, homeowner's attorney filed a motion to vacate, but the motion to vacate was denied by the trial court. Homeowner appealed, and COCA reversed, finding that homeowner had met the burden of showing excusable neglect and that the trial court should have vacated the default judgment. *Glenhurst Homeowners Ass'n Inc. v. Xi Family Trust, Xiang Yu Ren, Trustee,* Case No. 109,645 (Nov. 22, 2011) (unpublished). The case was remanded to the trial court for further proceedings.

¶ 3 After remand, the HOA filed a motion for summary judgment. The record reflects that homeowner's counsel was out of the country when the HOA filed its motion for summary judgment. Substitute counsel for homeowner, rather than moving for a continuance, filed a response to the HOA's motion for summary judgment. The response recited facts and allegations totally unrelated to the case. The record indicates the response filed by substitute counsel was actually a response from another case in which homeowner was involved. Upon returning to the country, homeowner's counsel realized the error and moved the trial court for a continuance so he could file a proper response.[2] The trial court denied the continuance and granted summary judgment.

¶ 4 Shortly after the trial court granted summary judgment in favor of the HOA, the HOA moved for attorney's fees pursuant to 60 O.S. § 856, *Cebuhar v. Bovaird,* 2003 OK CIV APP 19, 67 P.3d 348, and *Goss v. Mitchell,* 2011 OK CIV APP 74, 259 P.3d 886, and costs pursuant to 12 O.S. § 927 and 942. On June 1, 2012, the trial court granted attorney's fees, finding that "[a]s prevailing party, Plaintiff is entitled to an award of attorney's fees and costs in the litigation." The trial court awarded $7,310.50 in attorney's fees and $314.00 in costs.[3]

### Appeal No. 110,574 and Appeal No. 110,838 Are Consolidated for Purposes of Published Opinion

#### Appeal No. 110,574

¶ 5 Homeowner appealed the trial court's order granting summary judgment to the HOA. On appeal COCA acknowledged:

The trial court should have granted Homeowner's request for a continuance to permit a proper response to be filed. The grant of summary judgment coming one day after Homeowner's motion could be construed as either a denial of the motion or an oversight by the trial court in not addressing the motion before it. Normally, in either event, this Court would remand the matter to the trial court with directions to afford the Homeowner an opportunity to file an answer addressing the facts and assert any relevant defenses. However, in the interest of judicial economy, we do not do so in light of the undisputed facts and the applicable law.

¶ 6 COCA affirmed summary judgment in favor of the HOA, finding that despite the error by the trial court, the law was clear that homeowner was under statutory, constructive notice of the covenant when he bought the house, so the HOA was entitled to judgment as a matter of law. The dissenting judge argued judicial economy did not justify the acknowledged trial court error. The

1. Record on Appeal in Case No. 110,574, Petition at 2.

2. Counsel for homeowner filed a Motion for Continuance on March 8, 2012, and advised the Court of his circumstances, noted that the Plaintiff's pending Motion for Summary Judgment had not been continued before, and requested 15 days to respond to the motion. Counsel for the HOA did not respond in writing. The Plaintiff's Motion for Summary Judgment was sustained on March 9, 2012. The Journal Entry, which was signed and filed on March 9, 2012, contained no ruling by the trial court on the homeowner's request for a continuance.

3. Record on Appeal in Case No. 110,838 at 29.

COCA opinion in Appeal No. 110,574 was entered on August 16, 2012. On August 24, 2012, the HOA filed a Motion for an Award of Appellee's Appeal Related Attorneys' Fees. On September 10, 2012, COCA granted the motion and remanded the matter to the trial court to determine the amount of said fees. On September 5, 2012, homeowner petitioned this Court for certiorari review of the COCA opinion. We granted review on October 29, 2012.

¶ 7 In *Bookout v. Great Plains Regional Medical Center*, 1997 OK 38, ¶ 2, 939 P.2d 1131, 1133, a widow brought a negligence and wrongful death suit against Great Plains Regional Medical Center after her husband died while recovering from surgery. The Medical Center filed a motion for summary judgment attaching evidentiary materials in support of its motion. *Id.* The widow requested a continuance insisting she had recently replaced her attorney and had not had adequate time for discovery to identify all of the material fact issues. *Id.* ¶ 3, 939 P.2d at 1133. At the hearing to consider the continuance, the widow informed the trial court she had contacted two experts and would provide her experts' affidavits and properly respond to the motion for summary judgment if given two additional days. *Id.* ¶ 4, 939 P.2d at 1133. The trial judge denied the motion for continuance and entered summary judgment for the Medical Center and against the widow. COCA affirmed. This Court held that the trial court abused its discretion when it denied the widow a two-day continuance to respond to the Medical Center's motion for summary judgment. *Id.* ¶ 16, 939 P.2d at 1135.

¶ 8 In *Bookout*, we stated:

The prompt trial and determination of cases in court is most commendable, but when a trial is forced with such dispatch as to result in depriving an interested party of reasonable opportunity to prepare for trial, and secure witnesses; and the whole circumstances are such as to convince that there was an abuse of judicial discretion, *it is the duty of this court to reverse.*[4]

*See also Cornett v. Carr*, 2013 OK 30, ¶ 13, 302 P.3d 769, 773 ("While it is true that

diligence of litigants in attending to their matters pending in the courts is of importance, and while it is a significant function of the courts that the litigation before them be determined and disposed of as rapidly as possible, it is also important that **all litigants be given a reasonable opportunity to have their day in court, and to have their rights and liberties tried upon the merits.** The latter is and should be the primary right of the parties and duty of the courts.") (emphasis added).

¶ 9 In this case, the trial court abused its discretion in not allowing homeowner time to file a proper response to the HOA's Motion for Summary Judgment. The record is clear that counsel for homeowner was out of the country when the response to summary judgment was due. Substitute counsel for homeowner filed a response that contained facts from another case in which homeowner was involved and which was totally unrelated to the present case. Upon returning to the country, homeowner's counsel realized the error and promptly moved the trial court for a continuance to file a proper response.

¶ 10 By denying the continuance, the trial court deprived homeowner of a reasonable opportunity to respond. COCA acknowledged as much, and under *Bookout*, had a duty to reverse and remand the case to allow homeowner an opportunity to properly respond to the HOA's Motion for Summary Judgment. The COCA opinion in Appeal No. 110,574 is vacated, and the trial court's order granting summary judgment in favor of the HOA is reversed. The order entered on September 10, 2012, granting the HOA's Motion for an Award of Appellee's Appeal Related Attorneys' Fees is also vacated.

### Appeal No. 110,838

¶ 11 The homeowner also appealed the trial court's order awarding attorney's fees and costs. On December 31, 2013, COCA, in an unpublished opinion affirmed the award of costs but reversed the trial court's award of attorney's fees. COCA found that 60 O.S. § 856 required the HOA to prove it was a "person owning property" in the development to recover attorney's fees and that

4. *id.* ¶ 11, 939 P.2d at 1134 (emphasis added).

there was "no showing in this record that the suit was brought by a 'person owning property' in the development."[5] COCA also rejected the HOA's argument that the contractual covenant between the HOA and homeowner provided a basis for an attorney's fee. COCA held that although the "Declaration of Glenhurst Section 3, Article 7, Section 1, which is partially cited in GHOA's appellant answer brief, may have provided a basis for a fee, such argument is rejected for several reasons: It was not pled as the basis for an attorney's fee at trial; it was not produced for examination at trial, according to the appellate record; and finally, it was raised for the first time on appeal." The HOA petitioned this Court for certiorari review of the COCA opinion. We granted certiorari on March 31, 2014.

¶ 12 Because we reverse summary judgment in favor of the HOA, we decline to address whether either party would be entitled to attorney's fees under 60 O.S. § 856, the contractual covenant between the HOA and homeowner, or any other statutory or contractual provision. Any decision at this point would be advisory as both parties, on remand, will have the opportunity to supplement the record. The COCA opinion in Appeal No. 110,838 is vacated, and the trial court's order granting attorney's fees and costs is also vacated.

COCA OPINION IN APPEAL NO. 110,-574 VACATED; COCA OPINION IN APPEAL NO. 110,838 VACATED; CAUSE REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH TODAY'S PRONOUNCEMENT.

¶ 13 COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, EDMONDSON, TAYLOR and GURICH, JJ., concur.

¶ 14 WINCHESTER and COMBS, JJ., dissent.

---

**5.** COCA also rejected the HOA's argument that 60 O.S. § 852(C) and § 854 expand the definition of who may seek an attorney's fee under § 856. COCA found the supporting authorities cited by the HOA were inapplicable and declined to adopt the reasoning in *Whitehall Homeowners Association, Inc. v. Appletree Enterprise, Inc., Chad Hui Zhu,* 2013 OK CIV APP 77, 309 P.3d 144, which awarded an attorney's fee to an HOA pursuant to 60 O.S. § 856.